CLINTON COUNTY NATIONAL BANK & TRUST CO., APPELLEE,
*v.* FIRST NATIONAL BANK OF CINCINNATI ET AL.;
STOPP, APPELLANT.

[Cite as Natl. Bank & Trust v. First Natl. Bank (1980).
62 Ohio St. 2d   90.]

(No. 79-727—Decided April 23, 1980.)

*Messrs. Buckley & Miller* and *Mr. Frederick J. Buckley,* for appellee.

*Messrs. Walker & Chatfield, Mr. Henry H. Chatfield, Mr. Timothy L. Bouscaren* and *Mr. John L. Campbell,* for appellant, Ralph G. Stopp.

LOCHER, J. The sole issue germane to this appeal is whether a general residuary clause, such as in Mrs. Stopp's will, can exercise a limited testamentary power of appointment absent a specific reference to such power.

Paragraph one of the syllabus in *Carr* v. *Stradley* (1977), 52 Ohio St. 2d 220, reads as follows:

"In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator. Such intention must be ascertained from the words contained in the will. (Paragraphs one and two of the syllabus in *Townsend's Exrs.* v. *Townsend,* 25 Ohio St. 477, approved and followed.)"

Furthermore, it is emphasized in 3 Restatement on Property 1917-1918, Section 343, Comment *e,* that "[t]he only circumstances that are material [to the determination of whether the donee of a power intended to exercise his power] are those existing at the time the language of alleged appointment was formulated. Later changes in circumstances have no importance except so far as they are foreseeable at that time and therefore constituted elements in the situation then existing. * * *"

In addition to the foregoing rules of construction for exercising a testamentary power of appointment, it is stated in Annotation, 15 A.L.R. 3d 346, at page 354,[1] as follows:

---

[1] Massachusetts has a contra viewpoint holding that, even without a specific reference to the power of appointment and any applicable statutory authority, a general residuary clause of a will, or a general devise and bequest of all the testator's property, is presumed to be intended to exercise any powers of appointment which the testator has authority to exercise by will. Annotation, 15 A.L.R. 3d 346, 357, and cases cited therein.

Yet, "the Massachusetts rule, involving a presumption that a general residuary clause, or a general devise and bequest of all of the testator's property, constitutes an exercise of a power of appointment, was held not applicable to limited powers of appointment in *Fiduciary Trust Co.* v. *First Nat. Bank* (1962), 344 Mass. 1, 181 N. E. 2d 6." *Id.,* at page 359.

Besides being opposite to the rationale espoused in the cause *sub judice,* any application of the Massachusetts rule to the facts in the case at bar is improper, since the instant cause involves a *limited* testamentary power of appointment.

"* * *[I]t is the general rule that if the donee of a power of appointment, without expressly referring to such power, executes a general residuary clause, or a general devise or bequest of all his property, all his real property, or all his personal property, such a testamentary disposition, by itself, does *not* sufficiently manifest the donee's intention to exercise the power. It has often been emphasized in this connection that the donee's intention to exercise his power of appointment must be proved and must clearly appear from the evidence, and that any doubts as to whether the donee intended to exercise the power will be resolved against holding the power exercised. And there is, in general, a rule of construction that the donee, by purporting to dispose of all his 'estate' or 'property,' is manifesting an intention to dispose only of such property as is owned by himself, but not of property over which he merely has a power of appointment." (Emphasis added.) See *Kiplinger* v. *Armstrong* (1930), 34 Ohio App. 348.

As previously noted, the residuary clause in the will of Mrs. Stopp does not expressly refer to her power of appointment. There is no reference in the will or in the record to indicate that Mrs. Stopp knew she had a power of appointment under her stepfather's trust.[2]

The rule espoused herein is that a residuary clause disposes only of property owned by decedent and not property over which the decedent merely has a power of appointment. The general residuary clause in Mrs. Stopp's will, which provides for the distribution of property "which I [Mrs. Stopp] may own or have the power to dispose of at the time of my death," does not constitute a specific reference to her power of appointment.

This rule was essentially codified in 1976, in R. C. 2107.521, which states, in pertinent part:

---

[2] This court is cognizant of *Dollar Savings & Trust Co.* v. *Kirkham* (1969), 21 Ohio Misc. 163. That case, a decision of the Court of Common Pleas of Mahoning County, involved the will of a deaf mute who also exercised his power of appointment by his general residuary clause in his will.

The evidence in that case revealed that the physically disabled testator considered the trust to be part of his property and thus part of his residual property. The unique factual background in *Kirkham* is clearly distinguishable from the instant cause and our holding.

94

"A general residuary clause in a will * * * does not exercise a power of appointment held by the testator unless specific reference is made to the power."

The statute is inapplicable, however, to the instant cause, because its effective date is subsequent to the occurrences herein. Yet the statute is properly noted for its consistency with the judicial rule stated above.

Accordingly, we hold that Mrs. Stopp did not exercise her limited testamentary power of appointment, which was granted to her under her stepfather's trust. Therefore, the mandate of Paragraph 7, Item III of A. Graves Williams' will shall be in effect due to the failure of Mrs. Stopp to properly exercise her power of appointment.

Therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and HOLMES, JJ., concur.