MURSTEIN, A.K.A. WEISS, EXRX., APPELLEE, *v.* CENTRAL NATIONAL BANK OF CLEVELAND, TRUSTEE, APPELLANT, ET AL.

(No. 49116 — Decided June 17, 1985.)

APPEAL: Court of Appeals for Cuyahoga County.

*Elsie R. Tarcai,* for appellee.
*William L. Spring* and *Mark D. McGinley,* for appellant.

PRYATEL, J. Central National Bank, defendant-appellant, challenges the probate court's ruling that the last will and testament of Martha B. Jacobs, deceased, constituted a valid and effective exercise of her testamentary power of appointment flowing from the trust created by her husband.

The Mortimer Jacobs Trust was established pursuant to a trust agreement dated October 1, 1974 by and between Central National Bank of Cleveland ("Central"), defendant-appellant, as trustee and Mortimer Jacobs as settlor. Article III of the trust provided that "* * * commencing as of the date of my death, the trustee shall pay the income from Trust A * * * to or for the sole benefit of my wife so long as she shall live."

Martha B. Jacobs survived her husband and the income from Trust A was paid to her by Central until her death.

Martha B. Jacobs died testate on July 10, 1983. Her last will and testament was admitted to probate on July 15, 1983 and her daughter, Susan Murstein Weiss, plaintiff-appellee, was appointed executrix.

On September 19, 1983, appellee instituted an action for will construction to determine whether her mother had validly exercised the power of appointment created by Mortimer Jacobs. In the event of the death of Martha B. Jacobs, Article III of the trust agreement provided for the disposition of the trust principal as follows:

"Upon the death of my wife, the principal remaining in Trust A, or any part thereof, shall be distributed as she may appoint, by *specific reference hereto* in her Will, to her estate, or in trust or otherwise, and any property not so appointed shall be added to and disposed of as part of Trust B." (Emphasis added.)

The last will and testament of Martha B. Jacobs made the following ref-

erence to her power of appointment (in the residuary clause, Item IV):

"All the rest, residue and remainder of my property and estate, whether real, personal or mixed, of every kind, nature and description whatsoever and wheresoever situated which I may now own or hereafter acquire or have the right to dispose of at the time of my decease, *by power of appointment* or otherwise, I give, devise and bequeath to my daughter, Susan Murstein, to be hers absolutely." (Emphasis added.)

It is this "appointment" in the residuary clause which is at issue here.

R.C. 2107.521, enacted in 1976 and amended on March 23, 1981, provides:

"No provision of a will exercises a power of appointment held by the testator unless *specific* reference is made to the power." (Emphasis added.)

This statute was in effect at the time the decedent, Martha B. Jacobs, executed her will on September 17, 1981, and at the time of her death on July 10, 1983.

The referee found that the testatrix' will "* * * does not comply with either the requirement imposed by the settlor or the statute" and that the power of appointment had not been validly exercised. Following a hearing on objections to the report, the court found "that in light of all the surrounding circumstances" the residuary clause in Martha B. Jacobs' will makes specific reference to the power of appointment granted to her in the inter vivos trust created by Mortimer Jacobs.

Central (as trustee) appeals the judgment of the trial court.

Assignments of Error Nos. I and II

"I. The trial court erred as a matter of law in finding that decedent's last will and testament made specific reference to, and thereby exercised, the power of appointment created for her by her deceased husband's trust.

"II. The trial court erred in construing decedent's will as exercising the power of appointment created for her by her deceased husband's trust, as such finding is against the manifest weight of the evidence."

Both assignments of error will be treated together since they relate to the issue before us, namely, whether the language in the will supports the trial court's ruling that the power of appointment created for Mrs. Jacobs was exercised validly by specific reference to her power of appointment in her last will and testament as required by the trust and statute.

We conclude that her will met neither the requirements of the trust agreement nor those of R.C. 2107.521.

Prior to the enactment of R.C. 2107.521, the common law of Ohio required a specific reference to a power of appointment to effectively exercise it as evidenced by the Supreme Court of Ohio's comment in *Natl. Bank & Trust* v. *First Natl. Bank* (1980), 62 Ohio St. 2d 90, 93 [16 O.O.3d 99], to which both parties refer us. In that case, the court held that "[a] general residuary clause in a will does not exercise a limited testamentary power of appointment when the clause does not specifically refer to the power."[1] *Id.* at syllabus.

The residuary clause in Mrs. Jacob's will provided in pertinent part: "All the rest, residue and remainder of my property and estate * * * which I *may* * * * have the right to dispose of at the time

---

[1] The residuary clause involved in *Natl. Bank & Trust* provided in pertinent part:

" 'All the rest, residue and remainder of my estate, of every kind and nature and wheresoever situated, which I may own or have the power to dispose of at the time of my death, I hereby give, devise and bequeath to * * *.' " *Id.* at 90-91.

of my decease, *by power of appointment or otherwise * * *.*" In our judgment, that language constituted a *general* reference to her power of appointment and not the *specific* reference required by the trust agreement and statute. As the court noted in *Natl. Bank & Trust*:

" '* * * It has often been emphasized * * * that the donee's intention to exercise his power of appointment must be proved and must clearly appear from the evidence, and that any doubts as to whether the donee intended to exercise the power will be resolved against holding the power exercised. * * *' " *Id.* at 93.

Giving the words of the trust their common ordinary *meaning,* we believe that it was Mortimer Jacobs' intention that exercise of the power of appointment could be effected only by a "*specific reference hereto.*" We do not find persuasive appellee's citation to two lower court opinions, *Dollar Savings & Trust Co.* v. *First Natl. Bank* (1972), 32 Ohio Misc. 81 [61 O.O.2d 134], and *Cleveland Trust Co.* v. *Shuman* (1974), 39 Ohio Misc. 136 [68 O.O.2d 332]. In neither case did the donor of the power of appointment require specific reference thereto. Nor are we persuaded by the trial court's apparent reasoning that Mrs. Jacobs meant to exercise her power of appointment under Mortimer Jacobs' trust because it was the only power she possessed. The purpose of statutory—and individual trust—requirements for a specific reference to a power of appointment is to prevent a blind or inadvertent exercise of such power by the donee. See *In re Estate of Berard* (1977), 89 Misc. 2d 838, 840, 393 N.Y.Supp. 2d 149, 151.

We have no argument with *Carr* v. *Stradley* (1977), 52 Ohio St. 2d 220 [6 O.O.3d 469], cited by appellee. It held that in the construction of a will, the intention of the testator must be ascertained from the words contained in the will. Accord *Wills* v. *Union Savings & Trust* (1982), 69 Ohio St. 2d 382, 385 [23 O.O.3d 350]. The words of Martha Jacobs are a general reference to *any* power of appointment that she *may* have and not a specific reference to *the* power that she did have. It is the expressed intent of the donor of the power which is critical here. The donee (Martha Jacobs) had only such power of appointment in her will as was granted to her by her husband in the trust. "* * * [W]hether a power of appointment has been validly exercised depends not on the intent of the donee of the power, but on whether the power was exercised in the manner prescribed by the donor, *i.e.,* by making specific reference in her will to this power. * * *" *In re Estate of Smith* (1978), 41 Colo. App. 366, 368, 585 P. 2d 319, 321.

While there is some disagreement among other jurisdictions as to when a power of appointment has been validly exercised (see Annotation, Sufficiency of Exercise of Power Specifying that it can be Exercised only by Specific or Direct Reference Thereto [1982], 15 A.L.R. 4th 810), we believe that the trust agreement itself and the statute required a *specific* or special reference in the will to the power of appointment, rather than the *general* reference that was used here. Dealing with language similar to that of the Jacobs' trust and the residuary clause, the court in *In re Estate of Smith, supra,* at 368, 585 P.2d at 321, found: "* * * Since the wife's will does not make specific reference to her late husband's will or to the power conferred therein, the power was not exercised in the manner prescribed, and therefore was not validly exercised. * * *"

Accordingly, we conclude that Mrs. Jacobs did not validly exercise the power of appointment granted to her by her husband since she failed to execute it in the manner prescribed both by the trust itself and the statute. We hold that both assignments of error have merit.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed
and cause remanded.*

NAHRA, P.J., and KRUPANSKY, J., concur.