BROUSE, EXR., APPELLEE, *v.* OLD PHOENIX NATIONAL BANK OF MEDINA ET AL.; SALVATION ARMY ET AL., APPELLANTS.

(No. 11959—Decided July 17, 1985.)

APPEAL: Court of Appeals for Summit County.

*John W. Solomon,* for appellee.

*Philip S. Kaufmann,* for appellant Salvation Army.

*Harry Stein,* for appellant Noel O'Mara.

*Lawrence S. Brandel,* for appellant Ruth Oenslager.

*Paul E. Weimer,* for appellant Goodwill Industries of Akron, Ohio.

*Frederick S. Corns,* for appellant Stan Hywet Foundation, Inc.

*Peter Zackaroff,* for Dietrich and Dietrich, minors.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Janice Wood,* for Ohio Attorney General.

*Michael Stark,* for Alderfer, Freitag, Dietrich et al.

*Joseph Cook,* for Old Phoenix National Bank of Medina.

BAIRD, J. This cause came on before the court upon the appeal of defendants, the Salvation Army, Noel O'Mara, Ruth Oenslager, Goodwill Industries of Akron, Ohio, and Stan Hywet Foundation, Inc. (defendant beneficiaries), from an order of the Summit County Court of Common Pleas, Probate Division, finding a valid exercise of a power of appointment and ordering the funds held in trust distributed according to the terms of the will of Sterling W. Alderfer. We affirm.

On September 22, 1983, plaintiff, Robert C. Brouse, Executor of the Estate of Sterling Alderfer, filed a complaint for a will construction and a declaratory judgment seeking a declaration of the rights of the parties under the will of Alderfer dated August 27, 1979 and under a trust entered into by and between Alderfer and his first wife, Mary M. Alderfer, as settlors, and Old

Phoenix National Bank as trustee (the "Alderfer Trust"). Trust Fund No. 1 of the Alderfer Trust was originally funded with a deposit of one dollar. Mary Alderfer died on January 18, 1975. Distributions under her will included a bequest to Sterling Alderfer. On or about April 6, 1976, Alderfer elected to have a portion of the taxable estate of Mary Alderfer placed into Trust Fund No. 1 rather than distributed directly to him. In 1979, Alderfer executed the will which is the subject of this action. Item VII of this will begins: "In regard to the entire residue of my estate (which residue shall include all assets in Trust Fund No. 1 of the Alderfer Trust dated February 22, 1974), I hereby devise and bequeath the same as follows: * * *."

Sterling Alderfer died on February 13, 1983. At the time of his death, assets having a value of approximately $891,000 were in Trust Fund No. 1. The Executor of the Estate of Sterling Alderfer asked Old Phoenix National Bank, Trustee of the Alderfer Trust, to deliver to him the assets comprising Trust Fund No. 1 so that those assets could be distributed pursuant to the 1979 will. The trustee refused to transfer the assets without a court order; consequently, this will construction and declaratory judgment action was brought. The issue before the trial court was whether Item VII of the 1979 will, as set forth above, was sufficiently specific to exercise the power of appointment granted Sterling Alderfer under Paragraph I.1 of the Alderfer Trust which provides:

"Subject only to such directions as are specified in the Last Will and Testament of Sterling W. Alderfer, the assets in Trust Fund No. 1 hereunder and any assets receivable from his taxable estate shall be dealt with as follows: * * *."

The trial court found that the probated will effectuated the power of appointment reserved under the trust agreement of February 1974, and ordered the funds held in Trust Fund No. 1 distributed according to the terms of the 1979 will.

From this ruling and order the defendants have appealed, assigning as error:

"1. It was error for the trial court to rule that the specific reference to the property the subject matter of the power of appointment effectuated the power of appointment reserved under the February, 1974, Alderfer Trust Agreement.

"2. It was error for the court to rule that the residuary clause in Sterling W. Alderfer's will was a 'particulary [sic] residuary clause.'

"3. It was error for the court to rule that Revised Code § 2107.521 was not applicable."

Considered together, all of appellants' assignments of error present one basic issue: Did Item VII of the 1979 will effectively exercise the power of appointment granted to Sterling Alderfer under the Alderfer Trust?[1]

In any action seeking construction of a will the court's sole purpose is "to ascertain and carry out the intention of the testator. Such intention must be ascertained from the words contained in the will. * * *" Carr v. Stradley (1977), 52 Ohio St. 2d 220 [6 O.O.3d 469], paragraph one of the syllabus. In this case it is obvious that Alderfer intended to exercise the power of appointment; the issue is whether the language he chose effectively achieves this end.

"It is said that a will speaks from the time of execution as to its meaning and from the death of testator as to its effect and operation." (Footnote omit-

---

[1] Appellants' reply brief raises three additional assignments of error which will not be considered because they were not timely raised in the appropriate brief. App. R. 16(A).

ted.) 4 Page, Wills (Bowe-Parker Rev. 1961), Section 30.26, at 165.

The presumption exists that a testator in drawing his will possesses knowledge of existing statutes and drafts the language of his will to achieve his goals in compliance therewith. *Flynn v. Bredbeck* (1946), 147 Ohio St. 49 [33 O.O. 243], paragraph one of the syllabus.

"If the question is limited to one of construction, that is, to determining the intention of the testator from the language of the will when read in the light of the surrounding circumstances * * *, it is generally said that the law which was in force when the will was executed is the law which determines the intention of the testator * * *." (Footnote omitted.) 4 Page, Wills, *supra,* Section 30.27, at 166.

The question of whether the language employed by the testator effectively exercised his power of appointment is one of construction. "* * * 'The only circumstances that are material [to the determination of whether the donee of a power intended to exercise his power] are those existing at the time the language of alleged appointment was formulated. Later changes in circumstances have no importance except so far as they are foreseeable at that time and therefore constituted elements in the situation then existing. * * *' " *Natl. Bank & Trust v. First Natl. Bank* (1980), 62 Ohio St. 2d 90, at 92 [16 O.O.3d 99].

At the time Alderfer executed the will which plaintiff contends shows that he intended to exercise his power of appointment upon his death, R.C. 2107.521 read as follows:

"A general residuary clause in a will, or a will making general disposition of all of the testator's property, does not exercise a power of appointment held by the testator unless specific reference is made to the power."

The existence of this statute, in this form, is a material circumstance.

Alderfer's residuary clause referenced a particular asset, Trust Fund No. 1, as well as the rest, residue and remainder of his estate. A particular residuary clause is one which attempts to identify and pass specific property. 4 Page, Wills, *supra,* at Section 33.62. At least as it pertains to the assets of Trust Fund No. 1, the residuary clause contained in Item VII of Alderfer's will is a particular residuary clause. The language contained in Item VII of the 1979 will was sufficient to exercise the power of appointment granted Alderfer under Paragraph I.1 of the Alderfer Trust because R.C. 2107.521, as it existed at the time Alderfer executed his will, applied only to general residuary clauses and would not apply to the operation of a particular residuary clause.

Appellants' assignments of error are not well-taken. The judgment of the trial court is affirmed.

*Judgment affirmed.*

GEORGE, P.J., concurs.

QUILLIN, J. concurs separately.

QUILLIN, J., concurring. In my opinion, the power of appointment was validly exercised under R.C. 2107.521, as it existed both at the date of execution of the will as well as at the date of death of the testator.