OPINION
{¶ 1} Defendants-appellants Ardelphia and Ronald Moton appeal from the December 29, 2003, Judgment Entry of the Richland County Court of Common Pleas overruling their Motion for Stay of Execution of Sale.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 13, 2001, appellee Bank One, National Association, as Trustee, filed a complaint against appellants. The First Count stated a cause of action for breach of a promissory note that was executed and delivered by appellants. The Second Count of the complaint stated a cause of action for foreclosure of the mortgage that was signed and delivered by appellants as security for the obligation evidenced by the note.
 {¶ 3} Appellants filed an answer to the complaint on March 1, 2002.
 {¶ 4} Thereafter, on May 21, 2002, appellee filed a Motion for Summary Judgment. Pursuant to a Judgment Entry filed on October 17, 2002, the trial court granted such motion and judgment was rendered in appellee's favor in the amount of $56,637.67 plus interest at the rate of 12.25% from August 1, 2001. An alias Order of Sale was issued on September 8, 2003. A Notice of Sheriff's Sale was issued on October 31, 2003, and the Sheriff's Sale was held on November 7, 2003.
 {¶ 5} On November 25, 2003, appellants filed a Motion for Stay of Execution of Sale. Appellants, in their motion, alleged as follows:
 {¶ 6} "Now comes the defendant to show good cause why the court should grant a stay of execution of sale because on the 5th of November of 2003, Ronald E. Moton Sr. was told by the sheriff deputy or the person in charge of the sheriff's real estate sales that Ronald Moton could not bid on the house located at 293 Second Avenue, Mansfield, Ohio permanent parcel #027-04-018-17-000. The sale took place on November 7th, 2003. The auction took place at the sheriff's department at the old People's Hospital Building. The auctioneer was Deputy Kelly West. Kelly West is the person who told Ronald Moton he could not bid on this property."
 {¶ 7} As memorialized in a Judgment Entry filed on December 29, 2003, the trial court overruled such motion, stating, in relevant part, as follows:
 {¶ 8} "The Court has been advised by Kathy West[1] of the Richland County Sheriff's Department that defendant Ronald Moton was present at the date of the sale; that someone was present with him and bid on the property; that the individual with defendant Ronald Moton bid up until the price reached $31,000.00; that the plaintiff bank jumped the bid to $40,000.00; and that the plaintiff was the successful bidder for the property."
 {¶ 9} It is from the trial court's December 29, 2003, Judgment Entry that appellants now appeal, raising the following assignments of error:
 {¶ 10} "The auctioneer at the richland county sheriff's department kathy west was in error in telling the appellee he could not bid on his property and for giving the judge false information that did not have any validity to her statement. and the trial court judge accepted her assumptions over facts.
 {¶ 11} "The person or persons that kathy west says that was related to the appellee, who she states bidded on the propery has no true validity to it. and the trial court judge was in error because he did not try to find the truth, he was under assumption the same as kathy west was."[2]
 I, II {¶ 12} Appellants, in their two assignments of error, argue that the trial court erred in denying their Motion for Stay of Execution of Sale. Appellants specifically argue that the trial court should have granted such motion since appellants were not permitted to bid on their own property at the foreclosure sale on November 7, 2003.
 {¶ 13} As is stated above, appellants, on November 25, 2003, filed a Motion for Stay of Execution of Sale, arguing that the Sheriff's sale of November 7, 2003, should be stayed because appellant Ronald Moton was advised by the Sheriff's Office that he could not bid on the property at such sale. However, appellants did not attach any type of affidavit to their motion in support of their allegation. Furthermore, while appellants indicate in their motion that they were so advised on November 5, 2003, they do not allege in their motion that they actually appeared at the November 7, 2003, sale and were prohibited from bidding.
 {¶ 14} Based on the foregoing, we find that the trial court did not err in denying appellants' Motion for Stay of Execution of Sale.
 {¶ 15} Appellants' two assignments of error are, therefore, overruled.
 {¶ 16} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.
Edwards, J. Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] Kathy West and Kelly West are the same person.
[2] Appellants, in their reply brief, filed additional assignments of error. These assignments of error need not be considered by this Court, as they were improperly raised by way of reply brief. See Brouse v. Old Phoenix Natl. Bank of Medina
(1985), 25 Ohio App.3d 9, 10, fn. 1, 495 N.E.2d 42.