RIVERSIDE METHODIST HOSPITAL, APPELLANT, *v.* PAYNE, APPELLEE.

(No. 87AP-877—Decided June 7, 1988.)

*Siemer & Boynton, Walter J. Siemer* and *Robert M. Greggo,* for appellant.

*David J. Chakeres,* for appellee.

WHITESIDE, P.J. Plaintiff, Riverside Methodist Hospital, appeals from a judgment of the Franklin County Municipal Court and raises two assignments of error as follows:

"1. The trial court erred when it overruled Riverside Methodist Hospital's motion for summary judgment.

"2. The trial court erred when it granted Patricia Payne's motion for summary judgment."

Plaintiff brought this action seeking to recover from defendant, Patricia Payne, the sum of $3,430.45 for hospital services rendered to defendant's deceased husband. The services rendered on February 7, 1981, consisted of emergency treatment for the husband for a fatal gunshot wound to the chest inflicted by defendant in defense of her daughter from an assault by the deceased husband when he grabbed his stepdaughter by the neck and was strangling her.

Although plaintiff admits that defendant has no contractual obligation to pay the hospital bill of her deceased husband, since she did not agree to do so, plaintiff contends that defendant is nevertheless liable for the hospital bill as a necessary provided to the deceased husband pursuant to R.C. 3103.03, which provides in pertinent part as follows:

"The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able.

"* * * If he neglects to support his wife, any other person, in good faith, may supply her with necessaries for her support, and recover the reasonable value thereof from the husband unless she abandons him without cause."

Plaintiff contends that although the statutory reference is to the husband and primarily in the masculine, the provisions of R.C. 3103.03 are equally applicable to a wife pursuant to the provision of R.C. 1.43(B), which provides that "[w]ords of one gender include the other genders" and by necessary construction to avoid unconstitutionality of the provision as a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Although we tend to agree with plaintiff that under appropriate circumstances, a third party may recover from a wife for necessaries provided to her husband, application of that principle here does not entitle plaintiff to recover from defendant under the circumstances of this case.

There admittedly is no contractual relationship between plaintiff and defendant, that is, defendant has not agreed to pay for the medical services rendered to her husband by plaintiff and is not contractually obligated to do so.

Although this case was determined

upon summary judgment, there does not appear to be any factual dispute, at least, neither party has controverted the pertinent evidence presented by the other. Plaintiff presented evidence as to the costs of services provided to the decedent in connection with his admission to the hospital as an emergency patient for a gunshot wound to the chest of which he died while in the hospital, together with evidence that plaintiff received no payment from the decedent's estate since the estate is insolvent. There is no indication as to the availability of insurance, but the ledger sheet attached to the affidavit submitted by plaintiff indicates no payment from insurance.

Defendant, in her affidavit, stated that her husband was a "paranoid-schizophrenic" who had failed to take his necessary medication on the day in question, and that he was prone to fits of violence. She further stated that on the day in question the decedent and her daughter, the decedent's step-daughter, got into an argument during which the decedent grabbed his step-daughter by the throat and began strangling her. Plaintiff obtained a revolver and shot the decedent causing his death some seven hours later. At the time of the incident, both defendant and the decedent were employees of Columbia Gas Company with the decedent earning the majority of the household income and supporting the family.

Plaintiff's sole basis for contending defendant to be liable for the hospital services rendered to her deceased husband is the statutory duty of a wife to support her husband when he is unable to support himself. Assuming that a wife's liability to third parties for providing necessaries to her husband is the same as the duty of a husband to a third party for providing necessaries to his wife, the first consideration is whether the one spouse neglected to support the other. In neither instance does the law make a spouse liable for necessaries provided to the other spouse merely because the spouse receiving the necessaries fails to pay for them. R.C. 3103.08 expressly provides that "[n]either husband nor wife, as such, is answerable for the acts of the other." Likewise, either spouse may contract with third parties without involvement or liability of the other spouse. See R.C. 3103.05. The common-law doctrine of legal identity of husband and wife is not the law of Ohio. See *Damm* v. *Elyria Lodge No. 465* (1952), 158 Ohio St. 107, 48 O.O. 54, 107 N.E. 2d 337.

Although not referring directly to the statutory right of third-party recovery for furnishing necessaries to a wife, the Supreme Court in *Tille* v. *Finley* (1933), 126 Ohio St. 578, 186 N.E. 448, held expressly in the syllabus that:

"1. A husband is not unconditionally liable for necessaries furnished his wife.

"2. To render a husband liable for necessaries furnished his wife, they must have been furnished on his credit."

In the opinion of that case, it is noted that the doctor providing medical services to the wife, even if aware that she was married, rendered the medical services at her request, made all charges on his account book against her, and looked to her for payment, until he learned that the account as against her was uncollectable. Only then did he look to the husband for payment of the wife's medical bill. In other words, *Tille* teaches that for a third party to recover from one spouse for providing necessaries to the other spouse, the third party at the time of providing those services must have anticipated payment by the spouse against whom recovery is sought, as part of that spouse's obligation of sup-

porting the other spouse. Where credit is extended to one spouse, the mere fact that the spouse does not or cannot pay the bill does not render the other spouse liable for payment of the bill even though the services or goods furnished were necessaries.

Under the evidence here, the account is solely in the name of James Payne, and nowhere on the ledger card does the name of defendant appear. Likewise, a claim was submitted to the estate of the decedent as a debt owed by him. It was not until almost five years after the estate of the decedent failed to honor payment of the bill because of insolvency that plaintiff brought this action seeking to recover from defendant upon the grounds that she is liable for necessaries furnished to her deceased husband in connection with his fatal wound. Thus, under the *Tille* doctrine, neither a third-party statutory right nor a third-party common-law right can exist in favor of plaintiff since it did not anticipate or look to payment by defendant for the medical services rendered to her husband at the time such services were performed.

Interestingly, in *Tille,* written some fifty-five years ago, there is comment about the change in the relationship of husband and wife. The *Tille* opinion notes that in very early years, a wife was "shackled to her husband by the common law" and "had no independent earning power, and her right to her keep was absolute." *Id.* at 579, 186 N.E. at 449. Tille notes that "[a]s women gradually entered man's former sphere, the law in its wisdom relaxed its requirements so far as the man and husband was concerned. It shifted some of the responsibility from his shoulders to the shoulders of the woman and wife." *Id.* The *Tille* court then noted that "this gradual process of alleviation has changed the husband's duty to furnish his wife nec-

essaries from an unconditional to a conditional duty. * * *" *Id.* at 579-580, 186 N.E. at 449. The court further noted that "[c]onsequently, the liability arising from a breach of this duty is conditional." *Id.* at 580, 186 N.E. at 449. Interestingly, although not citing specific statutes, the court then stated, "[i]t is unnecessary to cite authorities in support of this contention. Reference to our statutes which treat with the relation of husband and wife is all-sufficient." *Id.*

Presumably, among the statutes intended by the reference was former G.C. 8003, which at that time contained an almost identical provision to that of present R.C. 3103.03 for recovery from a husband by a third party for necessaries he neglected to provide for his wife. Such statutory provision has existed in Ohio for more than one hundred years, having been enacted in 1887 as Revised Statutes Section 3116 (84 Ohio Laws 133). Although the statutory reference has at all times pertained to the husband's duty to support the wife, there has been almost no deviation or change with respect to a third party's right of recovery for necessaries provided to a neglected spouse. Accordingly, we conclude that the *Tille* doctrine necessarily must be followed as an interpretation of the meaning of the present provision of R.C. 3103.03 at issue herein.

Not only did plaintiff not look to defendant for payment for the hospital services rendered to her husband at the time the services were rendered, but there is no suggestion that defendant neglected to provide such services, although the evidence does indicate she created the necessity therefor. As noted, R.C. 3103.03 provides that a recovery for necessaries may be had only if a spouse violates his duty to support the other spouse by neglecting to provide such necessaries.

There have been significant

changes in the relationship of husband and wife with respect to family support over the fifty-five years since the *Tille* decision. Today, a much larger percentage of married women are employed with incomes of their own, and wives provide a substantial portion of family support in many, if not most, homes. As noted in *Tille,* medical services, including hospital services such as herein provided, do constitute part of support and part of necessaries within the contemplation of the spousal support obligation. However, the mere fact that necessaries are provided to a spouse does not render the other spouse liable in the absence of a specific agreement. A spouse is liable for necessaries furnished to the other spouse only if he neglected to provide required support, including the necessaries, and the third party, in providing such necessaries to the neglected spouse, looks to the credit of the neglecting spouse.

Turning more specifically to the assignments of error, the trial court did not err in overruling plaintiff's motion for summary judgment, since the evidence before the trial court was not such that only a judgment in favor of plaintiff could properly result.

Likewise, the trial court did not err in granting defendant's motion for summary judgment under the evidence before the court, even when construed most strongly in favor of plaintiff. When so construed, there is no genuine issue of fact, and reasonable minds could only conclude that plaintiff has no right of recovery from defendant for the hospital services rendered to her deceased husband. As indicated above, from the evidence construed in favor of plaintiff, reasonable minds could only conclude that plaintiff did not look to the credit of defendant in treating her now deceased husband for the fatal gunshot wound. Rather, the only conclusion is that plaintiff looked solely to his credit and determined to attempt to collect from defendant only some time after it learned that the deceased patient's estate was insolvent. Accordingly, the second assignment of error is not well-taken.

For the foregoing reasons, both assignments of error are overruled and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

YOUNG and BRYANT, JJ., concur.