OHIO STATE UNIVERSITY HOSPITAL, APPELLANT, *v.* KINKAID, APPELLEE.

[Cite as Ohio State Univ. Hosp. *v.* Kinkaid (1990), 48 Ohio St. 3d 78.]

(No. 88-1744—Submitted November 14, 1989—Decided January 31, 1990.)

*Anthony J. Celebrezze, Jr.*, attorney general, *Perry R. Silverman* and *Chester T. Lyman, Jr.*, for appellant.

*Brandt & Hull* and *Joseph W. Hull*, for appellee.

DOUGLAS, J. The issue before us is whether a wife is liable for the payment of hospital or medical expenses incurred by her husband before his death when, at the husband's death, his assets are insufficient to pay such expenses.

R.C. 3103.03 provides, in relevant part, that "[t]he husband must support *himself*, his wife, and his minor children out of his property or by his labor. If he is unable to do so, *the wife must assist him so far as she is able. * * *"* (Emphasis added.)

Appellant contends that the General Assembly, by enacting R.C. 3103.03, has imposed a duty upon a wife to assist in the support of her hus-

band when the husband is unable to provide for his own support. In support of its position, appellant cites *Dean* v. *Angelas* (1970), 24 Ohio St. 2d 99, 53 O.O. 2d 282, 264 N.E. 2d 911, and several decisions from sister states.

Appellee argues that where she has not personally contracted for the services, has not pledged her own credit, and has not refused to obtain the needed services for her husband, she is not liable for her husband's support. Appellee cites *Tille* v. *Finley* (1933), 126 Ohio St. 578, 186 N.E. 448, and *Riverside Methodist Hosp.* v. *Payne* (1988), 48 Ohio App. 3d 123, 548 N.E. 2d 987.

We agree, in part, with appellant. *Tille* is easily distinguished on the basis of the court's holding therein. The court found that the creditor-plaintiff had furnished the medical services to the wife at her solicitation, had extended credit to the wife, and had looked to the wife alone for payment. In addition, *Tille* is a case involving a *husband's* responsibility (rather than a wife's responsibility) and, in *Tille*, the wife was still alive and could have been pursued for collection.

In part, we are more persuaded by the *Dean* case where the court said "* * * that a wife has a sufficient co-equal duty under the statutes to support herself and her husband * * *." *Dean, supra*, at 102, 53 O.O. 2d at 283, 264 N.E. 2d at 914.

Each of these cases can either be distinguished or disapproved[1] when the statute is given a precise and literal reading. Of course, it is our duty to interpret the language of R.C. 3103.03 by giving it its clear and intended meaning. In *Slingluff* v. *Weaver* (1902),

---

[1] See *Cleveland Metro. Gen. Hosp.* v. *Oleksik* (1987), 38 Ohio App. 3d 21, 525 N.E. 2d 831, and *In re Rauscher* (1987), 40 Ohio App. 3d 106, 531 N.E. 2d 745. Any language in either of these opinions inconsistent with that of the opinion herein is disapproved.

66 Ohio St. 621, 64 N.E. 574, paragraph one of the syllabus, the court held that "[t]he object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law-making body which enacted it.* * *" The court also held, in paragraph two of the syllabus, that "* * * the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. *The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. * * *"* (Emphasis added.) Further, we know that "[i]n matters of construction, it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used. * * *" (Citation omitted.) *Cleveland Elec. Illum. Co.* v. *Cleveland* (1988), 37 Ohio St. 3d 50, 524 N.E. 2d 441, paragraph three of the syllabus.

Applying these rules, the language of the statute is clear. Where a husband is unable to provide for his own support, pursuant to R.C. 3103.03 a wife must aid in the support of her husband to the extent that she is able. The determination as to a wife's ability to aid in the support of her husband is a matter to be decided within the sound discretion of the trial court.

We are aware of the strong public policy argument that the responsibility of support between a wife and husband should be one of *mutual and equal* obligation. We recognize that it is a desirable goal to have autonomy and equality regardless of gender. We are also mindful of R.C. 3103.01 which provides that "[h]usband and wife contract towards each other obligations of mutual respect, fidelity, and support."

Notwithstanding these laudable objectives, R.C. 3103.03 is clear and must be enforced as written. If the General Assembly chooses to alter the existing statute, then that is, of course, within its prerogatives.

Finally, implicit in our decision, without saying more, is that medical expenses are necessaries and, as such, are included as part of any definition of "support."

Accordingly, the judgment of the court of appeals is reversed. This cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SWEENEY, HOLMES and WRIGHT, JJ., concur.

MOYER, C.J., H. BROWN and RESNICK, JJ., dissent.

H. BROWN, J., dissenting. I dissent because I believe that the majority's holding ignores the applicable language of the controlling statute.

It is a general rule of contract law that, absent a duty imposed by statutory law or voluntary agreement, one spouse is not liable for the debts of the other. *Hausser* v. *Ebinger* (1954), 161 Ohio St. 192, 53 O.O. 86, 118 N.E. 2d 522, paragraph two of the syllabus. The majority finds statutory authority in the first paragraph of R.C. 3103.03. It provides:

"The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able."

The majority correctly notes that this provision creates a mutual duty of support between husband and wife. However, it establishes responsibility

to spouse and children, not to third parties.

The majority fails to confront the statutory provision which imposes liability on a spouse to third parties. That provision is in the second paragraph of R.C. 3103.03. It states:

"* * * *If he neglects to support his wife, any other person, in good faith, may supply her with necessaries for her support, and recover the reasonable value thereof from the husband* unless she abandons him without cause." (Emphasis added.)

The above provision codifies the common-law doctrine of necessaries,[2] by making the husband liable for "necessaries" provided to the wife, but creates no corresponding duty for the wife to pay for those provided to the husband.[3] We should not ignore, or try to circumvent, the statutory language which governs liability to third parties for necessaries. That is the issue before us, not a claim by a child or one spouse against the other.

It is undisputed that appellee never contracted with appellant to pay for the medical services rendered by appellant to her husband. The statute does not impose liability on her to satisfy this debt. Accordingly, I would affirm the decisions of the courts below.[4]

MOYER, C.J., and RESNICK, J., concur in the foregoing dissenting opinion.

---

[2] See, generally, 1 Clark, The Law of Domestic Relations in the United States (2 Ed. 1987) 444-448, Section 7.3.

[3] R.C. 3103.03 has been held by one court of appeals to violate the Equal Protection Clause on the ground that "it is a gender-based statute that discriminates against men by placing on them the primary burden of family support." *In re Rauscher* (1987), 40 Ohio App. 3d 106, 531 N.E. 2d 745, paragraph two of the syllabus. We have not passed on this question. However, even if the statute were unconstitutional, this would not affect the outcome of this case.

The issue of constitutionality would be raised if a third-party provider of necessaries were seeking to recover from the husband. Here, the statute does not even purport to make the wife responsible to third parties for necessaries provided to the husband.

[4] I would also urge the General Assembly to reconsider R.C. 3103.03.