OPINION
{¶ 1} Plaintiff-appellant, Nancy M. Lee, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Fifth Third Bank ("Fifth Third"), and dismissing plaintiff's claims against Fifth Third with prejudice.
 {¶ 2} On December 15, 1997, plaintiff entered a Fifth Third branch located on Lane Avenue in Upper Arlington, Ohio, and she requested that her accounts be closed and the money withdrawn. Plaintiff contends she presented the bank teller with her driver's license, which showed her social security number. The bank teller located two bank accounts for a Nancy Lee and issued two checks to plaintiff totaling $5,397.33, representing the amount of money in the two accounts. The social security number on the two accounts was different from plaintiff's social security number.
 {¶ 3} Some time later, another person named Nancy Lee, who was the actual owner of the two accounts at Fifth Third, discovered that her bank accounts had been closed and all the money withdrawn. This Nancy Lee filed a report of grand theft with the Upper Arlington Police Department on September 14, 1998.
 {¶ 4} Both Fifth Third and Detective James Hamilton of the Upper Arlington Police Department conducted an investigation into the incidents surrounding plaintiff's December 15, 1997 bank transactions. Ultimately, Detective Hamilton filed a criminal complaint against plaintiff and a warrant was issued for her arrest. Plaintiff was arrested and charged with felony theft, possessing criminal tools, and forgery, all pursuant to a grand jury indictment filed on April 14, 1999. On October 20, 1999, after several additional months of investigation and on the request of the Franklin County Prosecuting Attorney, the Franklin County Court of Common Pleas entered a nolle prosequi dismissing plaintiff's indictment for the reason that "wrong Defendant charged."
 {¶ 5} On October 22, 2001, plaintiff filed a complaint against the City of Upper Arlington, James Hamilton, Franklin County, and Fifth Third. The basis of the complaint stemmed from the arrest and indictment of plaintiff on the charges of theft, possessing criminal tools, and forgery arising from the incidents at the Fifth Third branch on December 15, 1997. With respect to Fifth Third, plaintiff asserted causes of action including negligence, malice, intentional and fraudulent misrepresentation, abuse of process, malicious prosecution, false arrest, false imprisonment, and defamation. In the complaint, plaintiff also included several allegations concerning plaintiff's alleged psychiatric problems and a guardianship plaintiff's husband obtained over plaintiff during the course of the criminal investigation of plaintiff.
 {¶ 6} After conducting discovery, Fifth Third filed a Civ.R. 56(C) motion for summary judgment as to all plaintiff's claims. Fifth Third contended that all of the causes of action contained in plaintiff's complaint against Fifth Third are based on statements by Fifth Third to law enforcement authorities in the prosecution of plaintiff for the incident that occurred in the Fifth Third branch on December 15, 1997. Fifth Third asserted that the facts regarding its participation in the report, investigation and prosecution were not in dispute. Based on those facts, Fifth Third claimed it was entitled to judgment as a matter of law pursuant to the privilege of absolute immunity, which Fifth Third contended shielded it from civil or criminal liability for reporting or assisting in the investigation of a felony.
 {¶ 7} In response to Fifth Third's summary judgment motion, plaintiff filed a memorandum contra. Plaintiff asserted R.C. 2921.22, an immunity statute Fifth Third relied on, is inapplicable in this case. Plaintiff further contended summary judgment is improper because she alleged and would present proof that Fifth Third acted with malice in the investigation and prosecution of plaintiff. Plaintiff identified three factual issues as being in dispute (1) plaintiff's awareness she was withdrawing money from someone else's account, (2) the reason plaintiff's husband was appointed as a guardian for plaintiff, and (3) the date plaintiff filed her complaint. In support of her memorandum contra, plaintiff submitted (1) a copy of the nolle prosequi dismissing the criminal case against plaintiff, (2) an affidavit by an attorney plaintiff's husband retained in the alleged guardianship over plaintiff, as plaintiff contended it concerned unrelated matters, (3) a brief synopsis Detective Hamilton prepared of the criminal investigation concerning plaintiff, and (4) a copy of plaintiff's complaint filed in this case.
 {¶ 8} In a decision entered October 15, 2002, the trial court sustained Fifth Third's motion for summary judgment, holding (1) there were no genuine issues of material fact, and (2) there was no evidence suggesting that Fifth Third made statements in connection with this matter that would fall outside the protection of the privilege of absolute immunity, as set forth in M.J. DiCorpo, Inc. v. Sweeney (1994),69 Ohio St.3d 497, Fair v. Litel Communication, Inc. (Mar. 12, 1998), Franklin App. No. 97APE06-804, and Haller v. Borror (Aug. 8, 1995), Franklin App. No. 95APE01-16, appeal not allowed (1996),74 Ohio St.3d 1500. The court further held plaintiff failed to submit any meaningful evidence of the type enumerated in Civ.R. 56(C) to create a genuine issue of material fact that Fifth Third acted with malice or lacked probable cause in the investigation and prosecution of plaintiff. On November 6, 2002, the trial court entered judgment sustaining Fifth Third's summary judgment motion and dismissing plaintiff's claims against Fifth Third with prejudice.
 {¶ 9} Plaintiff appeals from the court's judgment, assigning the following errors:
1. The Trial Court erred in granting defendant's motion for summary judgment relying on an incorrect application of case law, specificallyFair v. Litel Communication, M.J. Dicorpo v. Sweeney, and Haller v.Borror, which are factually distinguished from this case.
2. The Trial Court erred in granting appellee's motion for summary judgment substituting its judgment for that of the jury in its conclusion that there were no material issues of fact.
3. The Trial Court erred in finding that defendant-appellee as the moving party met its initial burden of informing the court of the basis for said motion and in identifying portions of the records demonstrating the absence of any genuine issue of material fact.
4. The Trial Court erred in granting defendant's motion for summary judgment where the basis of defendant's motion is Ohio Revised Code Section 2921.22 providing immunity in reporting crimes against burn victims.
5. The Trial Court erred in granting defendant's motion for summary judgment holding the evidence could not sustain plaintiff-appellant's claim of malicious prosecution and other causes of action.
 {¶ 10} Plaintiff's assignments of error are interrelated and together assert the trial court erred in granting summary judgment for Fifth Third based on an improper extension of the absolute immunity privilege. Plaintiff contends she was denied the opportunity to prove her claims, and the trial court improperly substituted its judgment for that of a jury. Plaintiff asserts a question of fact remains as to whether Fifth Third made its statements in good faith or acted with malice.
 {¶ 11} Because plaintiff's assignments of error arise out of the trial court's ruling on a motion for summary judgment, we view the court's disposition independently and without deference to the trial court's determinations. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. In conducting our review, this court applies the same standard the trial court employed. Maust v. Bank One Columbus, N.A.
(1992), 83 Ohio App.3d 103, 107, jurisdictional motion overruled (1993),66 Ohio St.3d 1488. Summary judgment should be rendered only where the evidence demonstrates that: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); State exrel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 12} Under Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher at 293; Vahila v. Hall (1997),77 Ohio St.3d 421, 430; Civ.R. 56(E).
 {¶ 13} As a preliminary matter, R.C. 2921.22(A) states that "[n]o person, knowing that a felony has been or is being committed, shall knowingly fail to report such information to law enforcement authorities." In enacting the provision, the Legislature explained, "[t]he rationale for requiring that serious crimes be reported is that effective crime prevention and law enforcement depend significantly on the cooperation of the public." R.C. 2921.22, 1974 Committee Comment to H.B. 511. To the extent this statute imposed a duty upon Fifth Third to report suspected criminal activity, we find the statute to be applicable in this case, although it is not determinative of our decision.
 {¶ 14} The Supreme Court in DiCorpo explained that "[u]pon certain privileged occasions where there is a great enough public interest in encouraging uninhibited freedom of expression to require the sacrifice of the right of the individual to protect his reputation by civil suit, the law recognizes that false, defamatory matter may be published without civil liability. * * * Such privileged occasions have by long judicial history been divided into two classes — occasions absolutely privileged and those upon which the privilege is only a qualified one. The distinction between these two classes is that the absolute privilege protects the publisher of a false, defamatory statement even though it is made with actual malice, in bad faith and with knowledge of its falsity; whereas the presence of such circumstances will defeat the assertion of a qualified privilege." Id. at 505, quoting Bigelow v. Brumley (1941),138 Ohio St. 574, 579-580; cf. Haller, supra (noting the elements of malicious prosecution include "a criminal prosecution instituted against [plaintiff] by these [defendants], the criminal action was resolved favorably to [plaintiff], and the criminal prosecution was instituted with malice and without probable cause").
 {¶ 15} In DiCorpo, claims for libel and infliction of emotional distress were brought as a result of an affidavit given to a prosecuting attorney for the purpose of reporting alleged criminal activity. The Ohio Supreme Court found the statements protected by the privilege of absolute immunity, holding:
An affidavit, statement or other information provided to a prosecuting attorney, reporting the actual or possible commission of a crime, is part of a judicial proceeding. The informant is entitled to an absolute privilege against civil liability for statements made which bear some reasonable relation to the activity reported.
Id. at syllabus.
 {¶ 16} In DiCorpo, the court extended Hecht v. Levin (1993),66 Ohio St.3d 458, which held that statements made in the course of a grievance filed with a local bar association are part of a "judicial proceeding" and enjoy an absolute privilege against a civil action as long as the statements bear some reasonable relation to the proceeding. The court in DiCorpo stated "it would be anomalous to recognize an absolute privilege against civil liability for statements made in a complaint filed with a local bar association, while denying the protections of that privilege to one who files an affidavit with the prosecutor's office reporting that a crime has been committed." Id. at 506.
 {¶ 17} In Haller, this court applied the holding in DiCorpo to a claim for malicious prosecution that involved a defendant's statements to the police concerning the plaintiff's possible commission of a crime. This court held the trial court did not err in applying absolute immunity to the defendant's statements, and in granting summary judgment to the defendant under the authority of DiCorpo, supra.
 {¶ 18} In Fair, this court held that DiCorpo and Haller protect persons from civil liability for damages even if they provide erroneous information to the police or prosecutor in reporting possible criminal felony activity by another person. Applying the privilege set forth inDiCorpo and Haller, this court applied absolute immunity and concluded summary judgment was properly granted to the defendant on plaintiff's claims for malicious prosecution and infliction of emotional distress.
 {¶ 19} The Ohio Supreme Court's holding in DiCorpo and this court's previous holdings in Haller and Fair support the trial court's conclusion that a privilege of absolute immunity applies in this case to shield Fifth Third from liability for statements it made to the police and/or prosecutor in the criminal investigation and prosecution of plaintiff arising out of the December 15, 1997 incidents. Because all of plaintiff's causes of action against Fifth Third are predicated on Fifth Third's statements, those cases likewise support the trial court's granting summary judgment to Fifth Third on all of plaintiff's claims.
 {¶ 20} Nevertheless, even if Fifth Third's statements are not protected by absolute immunity, but, as plaintiff contends, by a qualified immunity, Fifth Third still is entitled to judgment as a matter of law because plaintiff failed to present evidence, as set forth in Civ.R. 56(C), creating a genuine issue of material fact that Fifth Third acted with malice or lacked probable cause in making its statements to the police or prosecutor during the investigation and prosecution of plaintiff. The evidence plaintiff attached to her memorandum contra Fifth Third's motion for summary judgment was not material to a determination of Fifth Third's immunity. Without some showing that Fifth Third either acted with malice, rather than in good faith, or lacked probable cause, plaintiff is unable to prevail against Fifth Third's defense of qualified immunity. See Hahn v. Kotten (1975), 43 Ohio St.2d 237, 246; Hanly v.Riverside Methodist Hosp. (1991), 78 Ohio App.3d 73; Jacobs v. Frank
(1991), 60 Ohio St.3d 111; Fair, supra, citing Ash v. Ash (1995),72 Ohio St.3d 520. Contrary to plaintiff's assertions, the allegations contained in plaintiff's complaint and her promises that evidence will be forthcoming are insufficient to create a genuine issue of material fact, where Fifth Third discharged its initial burden to establish that summary judgment should be granted as a matter of law. State ex rel. Burnes v.Athens Cty. Clerk of Courts (1998), 83 Ohio St.3d 523, 524.
 {¶ 21} Based on the foregoing, we overrule plaintiff's assignments of error, and affirm the judgment of the trial court.
Judgment affirmed.
LAZARUS and BROWN, JJ., concur.