BROWN and KLATT, JJ., concur.

BROWN, Appellee,

v.

WILLIAMSON, Appellant, et al.

[Cite as *Brown v. Williamson*, 183 Ohio App.3d 814, 2009-Ohio-4579.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22769.

Decided Sept. 4, 2009.

Melynda Brown, pro se.

Karlene Williamson, pro se.

DINKELACKER, Judge.

{¶ 1} Karlene Williamson appeals pro se from the trial court's entry of judgment against her and her husband for unpaid rent totaling $1,688, plus interest and costs.

{¶ 2} In her sole assignment of error, Williamson contends that the trial court erred by finding her personally liable for a debt that her husband incurred. Specifically, she stresses that the residential lease creating the rent obligation was signed only by her husband. Williamson insists that she cannot be held liable for his contractual obligation. Appellee Melynda Brown, the lessor, has not filed an appellate brief.

{¶ 3} Before turning to the substance of Williamson's appeal, we pause to address a defect in the notice of appeal. App.R. 3(D) provides that a notice of appeal "shall specify the party or parties taking the appeal." The notice of appeal in this case actually was filed by Williamson's husband, Absalon. Although it did not include Williamson, she has filed the only appellate brief.

{¶ 4} In *Campbell v. Allstate Ins. Co.* (May 19, 2000), Clark App. No. 99CA0065, 2000 WL 646484, we addressed a similar situation in which a husband and wife were both plaintiffs in the trial court but only the wife was identified as an appellant in the notice of appeal. Despite this fact, we allowed the husband to raise an assignment of error on appeal. In so doing, we noted that "[t]he only jurisdictional requirement for a valid appeal is the timely filing of a notice of

appeal." Id., citing *Transamerica Ins. Co. v. Nolan* (1995), 72 Ohio St.3d 320, 649 N.E.2d 1229. We held that an omission such as failure to include the husband in the notice of appeal did not warrant dismissal absent a showing of prejudice to the opposing party. Id. Finding no prejudice, we allowed the husband to prosecute error on appeal despite his absence from the notice of appeal. We reach the same conclusion here with regard to Karlene Williamson. Accordingly, we will proceed to the merits of her argument.

{¶ 5} The record reflects that Williamson's husband contracted to rent a house from Brown. He signed the lease in his own name, listing the appellant and the couple's children as additional tenants. In March 2008, Brown filed her small-claims complaint for unpaid rent, naming Williamson and her husband as defendants. Williamson subsequently appeared for trial alone, explaining that her husband had to work and could not attend.

{¶ 6} Williamson asserted at trial that she could not be held liable for unpaid rent because she had not signed the lease. The following exchange then occurred between the trial court, Brown, and Williamson:

{¶ 7} JUDGE HENSLEY: "Who is on the lease?"

{¶ 8} BROWN: "Absalon."

{¶ 9} JUDGE HENSLEY: "Okay. You know he signed it, right?"

{¶ 10} WILLIAMSON: "Yeah, I know he signed it, but I—"

{¶ 11} JUDGE HENSLEY: "Let me clear this up; are you his wife?"

{¶ 12} WILLIAMSON: "Yes."

{¶ 13} JUDGE HENSLEY: "Okay, I would consider a house or an apart-ment—is this an apartment or a house?"

{¶ 14} BROWN: "House."

{¶ 15} JUDGE HENSLEY: "House. A house is a necessity, okay, and the reason it's a necessity is it keeps you warm in the winter and it's got a roof over it when it rains, you don't get wet. So, whether you signed it or didn't sign it, you're equally responsible."

{¶ 16} WILLIAMSON: "Okay, but he—"

{¶ 17} JUDGE HENSLEY: "Same would be for medical bills, food, okay? That's the law of Ohio; a wife is responsible for the necessity of her or his spouse and the children."

{¶ 18} WILLIAMSON: "Okay, when I signed any other lease, any apartments, anything else, I had to sign the lease. I did not sign this lease."

{¶ 19} JUDGE HENSLEY: "Right, and that's why I'm explaining it to you. You don't have to sign a thing, you're still responsible, okay?"

{¶ 20} WILLIAMSON: "Mm-hmm."

{¶ 21} On appeal, Williamson continues to insist that she is not responsible for her husband's contractual obligation. As set forth above, the trial court rejected this argument, finding her liable under "the law of Ohio." Unfortunately, the trial court provided no specificity regarding the source of Williamson's obligation. Nor did Brown's fill-in-the-blank small-claims complaint specify a legal basis for holding Williamson liable. In any event, the trial court's ruling does not appear to have been grounded in contract law. The trial court stated to Williamson that an individual "is responsible for the necessit[ies] of her or his spouse and the children." This suggests reliance on R.C. 3103.03, which under certain circumstances makes a spouse liable for the cost of "necessaries" that a third party provides to the other spouse. R.C. 3103.03 provides:

{¶ 22} "(A) Each married person must support the person's self and spouse out of the person's property or by the person's labor. If a married person is unable to do so, the spouse of the married person must assist in the support so far as the spouse is able. The biological or adoptive parent of a minor child must support the parent's minor children out of the parent's property or by the parent's labor.

{¶ 23} " * * *

{¶ 24} "(C) If a married person neglects to support the person's spouse in accordance with this section, any other person, in good faith, may supply the spouse with necessaries for the support of the spouse and recover the reasonable value of the necessaries supplied from the married person who neglected to support the spouse unless the spouse abandons that person without cause."

{¶ 25} The foregoing statute has been utilized most often in the context of medical expenses. In *Ohio State Univ. Hosp. v. Kinkaid* (1990), 48 Ohio St.3d 78, 549 N.E.2d 517, for example, the court recognized that a wife might be held liable to a hospital for her husband's unpaid medical expenses under R.C. 3103.03 despite the fact that she did not personally contract for any services or pledge her own credit to obtain his care. In reaching this conclusion, the court held that "[w]here a husband is unable to provide for his own support, pursuant to R.C. § 3103.03 a wife must aid in the support of her husband to the extent that she is able." Id., paragraph one of the syllabus. The court further held that "[t]he determination as to a wife's ability to aid in the support of her husband is a matter to be decided within the sound discretion of the trial court." Id., paragraph two of the syllabus.

{¶ 26} We note that R.C. 3103.03(C) has been amended since *Kinkaid* to make it clearer that a third party may recover from a husband for necessaries provided

to his wife *or* from a wife for necessaries provided to her husband. As the dissent in *Kinkaid* pointed out, the literal language of the statute at that time made a husband liable to a third party for necessaries provided to his wife but not vice versa. *Kinkaid,* 48 Ohio St.3d at 81, 549 N.E.2d 517 (Brown, J., dissenting). The current version of R.C. 3103.03(C) unambiguously makes a husband or wife responsible to a third party for necessaries provided to the other spouse.

{¶ 27} In the present case, we agree with the trial court that housing, like medical care, qualifies as a "necessary" and is a component of a spouse's support obligation under R.C. 3103.03. But even if the statute is applicable here, Williamson is not liable to Brown for her husband's rent obligation unless he is unable to pay the debt and she is able to aid in his support by paying it herself. Id. at paragraph one of the syllabus; see also *Ohio State Univ. Med. Ctr. v. Calovini,* Ct. of Cl. No. 2001–05561–PR, 2002-Ohio-5756, 2002 WL 31953905 (holding that a wife had no liability for her husband's medical bills where the evidence established that she had no ability to aid in payment).

{¶ 28} In the proceeding below, however, the trial court heard no argument, took no evidence, and made no finding regarding Williamson's husband's inability (as opposed to mere failure) to pay his rent or her ability to assist him with payment. Instead, it summarily found Williamson responsible for the debt because "[a] house is a necessity" and her spouse signed a lease. In our view, a more nuanced inquiry is required before the trial court may rely on R.C. 3103.03 to hold Williamson liable for her husband's unpaid rent. On the scant record before us, we cannot determine whether Williamson statutorily is responsible for the debt. Accordingly, we will sustain her assignment of error in part and remand the cause for further proceedings consistent with this opinion.

Judgment accordingly.

BROGAN and GRADY, JJ., concur.

PATRICK T. DINKELACKER, J., of the First Appellate District, sitting by assignment.