[Cite as *Family Med. of Stark Cty., Inc. v. Smart*, 2017-Ohio-5866.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| FAMILY MEDICINE OF STARK COUNTY, INC. ET AL | : | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. W. Scott Gwin, J.<br>Hon. Earle E. Wise, J. |
| Plaintiffs-Appellants | : | |
| | : | |
| -vs- | : | Case No. 2016CA00218 |
| | : | |
| MORESETTA SMART, ET AL | : | |
| | : | O P I N I O N |
| Defendants-Appellees | | |

CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of Common Pleas, Case No. 2015CV01377

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      July 17, 2017

APPEARANCES:

For Plaintiffs-Appellants

J. MICHAEL GATIEN
2371 Chestnut Hill Street N.W.
North Canton, OH 44720

For Defendants-Appellees

DONALD GALLICK
190 North Union Street, #102
Akron, OH 44304

*Gwin, J.,*

{¶1}    Appellant appeals the October 20, 2016 magistrate's decision and the November 8, 2016 judgment entry confirming the magistrate's decision of the Stark County Court of Common Pleas.

*Facts & Procedural History*

{¶2}    On July 1, 2015, appellant Family Medicine of Stark County filed a complaint against appellees Moresetta and William Smart.  Appellant filed a first amended complaint in September of 2015 and, on January 20, 2016, appellant filed a second amended complaint.

{¶3}    In appellant's second amended complaint, appellant asserts a claim of defamation against appellees.   Appellant alleges Moresetta Smart was liable for defamation by:  filing a racial discrimination complaint with the Ohio Civil Rights Commission, filing a claim of insurance fraud with Aultcare, filing three complaints with local police departments, filing a complaint with the State Medical Board of Ohio, filing a complaint with the Ohio Attorney General, and filing a case in federal district court. Appellant avers in its second claim that appellees violated R.C. 2307.011.  In appellant's third claim, it alleges appellees acts of defamation were intentional torts made with reckless disregard for the truth or made with actual malice; thus appellant states it is entitled to punitive damages and attorney fees.  Appellant also alleges William Smart is jointly liable for damages under R.C. 3103.03.  Appellees filed an answer to each complaint.

{¶4}    A bench trial was held on appellant's complaint.  Robert Zedell ("Zedell") of the Massillon Prosecutor's Office testified that Moresetta Smart came into the office and

wanted to file criminal charges against appellant's staff for assault, as she alleged they tried to kill her. Zedell testified that when he told Moresetta they were not going to file criminal charges against appellant, security guards had to remove her from the building. When asked what Moresetta specifically said on that day, Zedell stated she mentioned something about a staff member of appellant's giving her a shot and receiving medical treatment she did not want. Zedell could not recall any other specific statements Moresetta made. Zedell testified he never met or spoke to William Smart.

{¶5} Moresetta Smart testified she was a former patient of appellant and a nurse gave her a flu shot without her consent that caused her lasting health problems. Further, she takes issue with other experiences she had when she was a patient of appellant's. Moresetta confirmed she filed a claim with the Civil Rights Commission against appellant pertaining to medical treatment she thought was discriminatory, filed a case in federal court against appellant, filed an insurance fraud claim with Aultcare with regards to appellant, filed complaints against appellant with police departments, and filed a complaint against an employee of appellant with the State Medical Board. She also confirmed none of these claims against appellant were successful.

{¶6} William Smart testified he was not aware of all the claims his wife made. While he sympathizes with his wife's situation, he did not encourage her to file any complaints. William believes his wife was given improper medical treatment, but did not do anything to encourage her and only got involved when he got sued.

{¶7} Gust Pantelas ("Pantelas"), a physician employed by appellant, testified appellant spent lots of time and effort to review and respond to appellees' complaints and he feels like appellant is being harassed. Pantelas just wants it to stop. Pantelas testified

appellant has expended 37.5 hours of staff time to reply to the filings by appellees. Pantelas is not aware of any other statements than to federal court, state agencies, and appellant's own staff made by appellees. Pantelas did not personally observe or hear the statements made by Moresetta to staff members.

{¶8}    The magistrate issued a decision on October 20, 2016.  The magistrate found Moresetta Smart:  made a complaint to the City of Canton Law Department in January of 2014 against appellant, alleging she was assaulted when given a shot without her consent; in February and March of 2014, made complaints against appellant with the Jackson Township Police Department alleging she was given a shot without permission, alleging she was denied a request to alter her medical records, and alleging appellant falsified medical records; in April of 2014 made a complaint against appellant with the State Medical Board of Ohio that was subsequently dismissed; in May of 2014, made a complaint against a medical assistant employed by appellant with the Ohio Board of Nursing; in 2014, made a complaint with the Ohio Civil Rights Commission that was dismissed by the Ohio Civil Rights Commission stating she was denied the opportunity to correct her medical records, arguing she was discriminated and retaliated against, alleging appellant made false statements under oath regarding her medical records and health care services, alleging appellant administered treatment without her consent, and alleging improper billing practices; filed a grievance against appellant with Aultcare in 2014; filed a complaint with the Ohio Attorney General alleging battery, dishonesty, fraud, identity theft, and HIPPA violations that was subsequently closed; and filed a federal lawsuit against appellant for civil rights violations that was subsequently dismissed.  The magistrate further stated that after the instant case was filed, both Moresetta and William

filed complaints with the Ohio Civil Rights Commission against appellant alleging the instant case was retaliation for Moresetta's earlier complaints. These complaints were subsequently dismissed by the Ohio Civil Rights Commission.

{¶9} The magistrate found there was no testimony of any witness with first-hand knowledge regarding specific statements appellees made about appellant other than to police, the federal court, and various state agencies. Further, that while there was no expert testimony concerning the reasonableness of the attorney fees requested by appellant, Pantelas did testify that appellant had actually incurred the fees as reflected in the invoice submitted by counsel for appellant.

{¶10} In the conclusions of law section of the magistrate's decision, the magistrate determined the statements made by Moresetta in the federal district court were reasonably related to the complaint; thus she is entitled to absolute privilege for those statements. Further, that the statements made by Moresetta to the City of Canton Law Department, Jackson Township Police, Massillon Prosecutor, and Ohio Attorney General were reasonably related to her attempts to set in motion the investigation of claimed illegal or criminal activity and in an attempt to initiate prosecution of that activity; thus, the doctrine of absolute immunity applies to those statements.

{¶11} The magistrate found the doctrine of absolute privilege applies to the statements made in proceedings before the Ohio Civil Rights Commission because the statements were reasonably related to attempts to assert complaints. The magistrate determined that while statements made to the State Medical Board of Ohio and the Ohio Board of Nursing are only entitled to qualified privilege and Moresetta could be held liable for her statements if she made them with malice, the statements at issue were about a

nurse who was a not a party to this case and a doctor whose claims were voluntarily dismissed prior to trial.

{¶12} The magistrate determined appellant's second cause of action which references the statutory definitions for "conduct," "intentional tort claim," and "tort action" is a count requesting relief in the form of economic and non-economic damages, and does not assert an independent cause of action separate from appellant's claim for defamation. The magistrate found that since Moresetta is entitled to absolute immunity for her statements, William cannot be held liable for assisting her in making those statements pursuant to R.C. 3103.03. Further, that R.C. 3103.03 is intended to permit recovery from one spouse to another for certain "necessary" expenses and it does not render one spouse civilly liable for the alleged tortious actions of another.

{¶13} The magistrate rendered judgment in favor of appellees. Neither party filed timely objections to the magistrate's decision. On November 8, 2016, nineteen days after the magistrate's decision, the trial court issued a judgment entry approving and confirming the magistrate's decision and rendering judgment in favor of appellees.

{¶14} On November 18, 2016, appellant filed a motion for extension of time to file objections to the magistrate's decision. On November 28, 2016, the trial court issued a judgment entry denying appellant's motion for an extension of time to file objections to the magistrate's decision. The trial court found it was without jurisdiction to rule on appellant's motion, as it had already entered final judgment on November 8, 2016.

{¶15} Appellant appeals the October 20, 2016 and November 8, 2016 judgment entries of the Stark County Court of Common Pleas and assigns the following as error:

{¶16} "I. THE TRIAL COURT'S DECISION INCORRECTLY APPLIED THE AFFIRMATIVE DEFENSE OF ABSOLUTE PRIVILEGE. THE DEFAMATORY CONDUCT OF THE APPELLEES WAS NOT REASONABLY RELATED TO THE PROCEEDINGS THAT THEY PURSUED. THEREFORE, THE DECISION WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶17} "II. THE TRIAL COURT'S DECISION WAS IN ERROR AS A MATTER OF LAW AS THE AFFIRMATIVE DEFENSE OF ABSOLUTE IMMUNITY WAS NOT PROPERLY OR COMPLETELY CONSIDERED. THE DEFAMATORY CONDUCT OF THE APPELLEES WAS FOR THE PURPOSE OF ILLEGAL ULTERIOR MOTIVES. PROOF OF SUCH MOTIVES PREVENTED THE ASSERTION OF THE AFFIRMATIVE DEFENSES OF ABSOLUTE IMMUNITY AND ABSOLUTE PRIVILEGE.

{¶18} "III. THE TRIAL COURT'S DECISION WAS IN ERROR AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. THE DEFAMATORY CONDUCT OF APPELLEES WAS FOR THE PURPOSE OF ILLEGAL ULTERIOR MOTIVES. PROOF OF SUCH MOTIVES PREVENTED THE ASSERTION OF THE AFFIRMATIVE DEFENSES OF ABSOLUTE IMMUNITY AND ABSOLUTE PRIVILEGE.

{¶19} "IV. THE MAGISTRATE'S DECISION WAS IN ERROR AS A MATTER OF LAW REGARDING THE APPLICATION OF ORC 3103.03 AS TO SPOUSAL LIABILITY. CONTRARY TO THE DECISION, THERE IS NO LANGUAGE LIMITING SPOUSAL LIABILITY FOR "NECESSARY" EXPENSES IN THE APPLICABLE SUBPARAGRAPH A. THEREFORE, THIS PORTION OF THE DECISION WAS AN ABUSE OF DISCRETION.

{¶20} "V. THE MAGISTRATE'S DECISION WAS IN ERROR AS A MATTER OF LAW AND AN ABUSE OF DISCRETION AS PROOF OF CLAIM FOR ATTORNEY FEES DOES NOT REQUIRE AN EXPERT WITNESS. THE LACK OF AN EXPERT WITNESS WAS THE SOLE REASON GIVEN FOR THE DENIAL OF THE CLAIM.

{¶21} "VI. THE MAGISTRATE'S DECISION WAS IN ERROR AS A MATTER OF LAW AND AN ABUSE OF DISCRETION, AS THE FRIVOLOUS CONDUCT STATUES DO NOT PROVIDE AN EXCLUSIVE REMEDY.

{¶22} "VII. THE MAGISTRATE'S DECISION INCORRECTLY FOUND THAT THE PLAINTIFF HAD WAIVED THE CAUSES OF ACTION. ALSO, PARAGRAPH NINE OF THE CONCLUSIONS OF LAW IS INCORRECT AS THE EXPENSES INCURRED BY PLAINTIFF-APPELLANT EMPLOYER WERE VERIFIED AND ADMITTED INTO EVIDENCE. THEREFORE, THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶23} "VIII. THE MAGISTRATE'S DECISION WAS IN ERROR AS A MATTER OF LAW AND AN ABUSE OF DISCRETION AS THE CAUSES OF ACTION FOR INTENTIONAL TORT CLAIMS AND ECONOMIC LOSS ARE SEPARATE FROM DEFAMATION CLAIMS."

*Objections to Magistrate's Decision*

{¶24} Civil Rule 53(D)(3)(b)(i) provides that "a party may file written objections to a magistrate's decision within fourteen days of the filing of the decision * * *." The magistrate's order in this case is dated October 20, 2016. Nineteen days after the magistrate issued her order, the trial court issued an order confirming and approving the

magistrate's decision. Appellant did not file objections to the magistrate's decision within the fourteen day time limitation provided by Civil Rule 53(D)(3)(b)(i).

{¶25} Since appellant did not file objections in a timely manner under Civil Rule 53(D)(3)(b)(i), appellant has therefore waived the right to appeal issues pursuant to Civil Rule 53(D)(3)(b)(i), except for plain error. *Waites v. Waites*, 5th Dist. Fairfield No. 15-CA-1, 2015-Ohio-2916. However, in appeals of civil cases, the plain error doctrine is not favored and may be applied only in extremely rare cases involving exceptional circumstances where the error seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. *Kell v. Russo*, 5th Dist. Stark No. 2011 CA 0082, 2012-Ohio-1286, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997). The doctrine should only be applied in extremely unusual circumstances where the error complained of, if left uncorrected, would have a material adverse effect on the character and public confidence in the judicial proceeding. *Id.*

### I., II., III.

{¶26} In its first, second, and third assignments of error, appellant argues the trial court erred in finding absolute privilege applied. Further, that the trial court's decision was against the manifest weight of the evidence.

{¶27} A defamation claim requires a plaintiff to establish: (1) a false statement of fact was made about the plaintiff; (2) the statement was defamatory; (3) the statement was published; (4) the plaintiff suffered injury as a proximate result of the publication; and (5) the defendant acted with the requisite degree of fault in publishing the statement. *Jamison v. Galena*, 5th Dist. Delaware No. 15 CAE 01 007, 2015-Ohio-2845.

**{¶28}** However, there are certain occasions where there is a great enough public interest in encouraging uninhibited freedom of expression to require the sacrifice of the right of the individual to protect his reputation by civil suit. *M.J. DiCorpo, Inc. v. Sweeney*, 69 Ohio St.3d 497, 634 N.E.2d 203 (1994). On these occasions, the law recognizes that false and defamatory matter may be published without civil lability. *Id.* When an absolute privilege applies, it protects the publisher of a false and defamatory statement even though it is made with actual malice, in bad faith, and with knowledge of its falsity. *Lee v. City of Upper Arlington*, 10th Dist. Franklin No. 03AP-132, 2003-Ohio-7157. One occasion of absolute privilege is in a judicial proceeding. *Id.; Hecht v. Levin*, 66 Ohio St.3d 458, 613 N.E.2d 585 (1993). The absolute privilege or immunity for statements made in a judicial proceeding extends to every step in the proceeding, from beginning to end. *Id.* Appellant argues that, pursuant to *Hecht*, absolute immunity is removed when an ulterior motive for the defendant's conduct is proven. However, we do not read *Hecht* to provide such an exception to absolute immunity.

**{¶29}** We find no plain error in the magistrate and trial court's determination that Moresetta Smart is entitled to absolute immunity for the statements she made in federal district court as they were reasonably related to the complaint she was attempting to assert. "A statement in a judicial proceeding enjoys an absolute privilege against a defamation action as long as the allegedly defamatory statement is reasonably related to the proceeding in which it appears." *Hecht v. Levin*, 66 Ohio St.3d 458, 613 N.E.2d 585 (1993).

**{¶30}** We find no plain error in the magistrate and trial court's determination that Moresetta Smart is entitled to absolute immunity for the statements she made to the City

of Canton Law Department, the Jackson Township Police, the Massillon Prosecutor, and the Ohio Attorney General because her statements were reasonably related to attempts to set in motion the investigation of claimed illegal activity. An affidavit, statement, or other information provided to police or a prosecuting attorney reporting the actual or possible commission of a crime is part of a judicial proceeding is entitled to absolute privilege against civil liability for statements made which bear some reasonable relation to the activity reported. *M.J. DiCorpo, Inc. v. Sweeney*, 69 Ohio St.3d 497, 634 N.E.2d 203 (1994).

**{¶31}** Further, this Court has previously held the doctrine of absolute privilege applies to statements made in proceedings before the Ohio Civil Rights Commission. *Cirotto v. Heartbeats of Licking County*, 5th Dist. Licking No. 10-CA-21, 2010-Ohio-4238 (affirming determination of trial court that the appellant could not establish a claim of defamation as the statements made to the Ohio Civil Rights Commission were protected by absolute privilege). We thus find no plain error in the magistrate and trial court's determination that appellees' statements to the Ohio Civil Rights Commission were protected by the doctrine of absolute privilege as they were reasonably related to their attempts to assert those complaints.

**{¶32}** Appellant finally contends appellees' claims were not reasonably related to the proceedings because, in each case, her claims were either denied or dismissed. However, the Ohio Supreme Court stated the privilege exists irrespective of whether the statement was made in bad faith. *Hecht v. Levin*, 66 Ohio St.3d 458, 613 N.E.2d 585 (1993). Further, the privilege applies even if a person provides erroneous information to the police or prosecutor in reporting possible criminal activity. *Lee v. City of Upper*

*Arlington*, 10th Dist. Franklin No. 03AP-132, 2003-Ohio-7157. We find the trial court did not commit plain error in finding the statements made by Moresetta Smart bore some reasonable relation to the proceedings at issue.

**{¶33}** In our review of whether there is competent and credible evidence to support the trial court's decision, we find no plain error occurred.

**{¶34}** Appellant's first, second, and third assignments of error are overruled.

IV.

**{¶35}** In its fourth assignment of error, appellant contends the trial court erred regarding the application of R.C. 3103.03 as to spousal liability. Appellant contends the trial court erred in construing paragraphs (A) and (C) together.

**{¶36}** We find no plain error in the trial court's interpretation of R.C. 3103.03 and the reading of the sections in pari materia. *Perrysburg Twp. v. Rossford Arena Amphitheater Auth.*, 175 Ohio St.3d 549, 2008-Ohio-363, 888 N.E.2d 440. R.C. 3103.03 makes a spouse liable for the cost of "necessaries" that a third party provides to the other spouse under certain circumstances. *Brown v. Williamson*, 2nd Dist. Montgomery No. 22769, 2009-Ohio-4579; *Union Hospital v. Beach*, 5th Dist. Tuscarawas No. 2016 AP 05 0027, 2016-Ohio-7058; *Home Helpers/Direct Link v. St. Pierre*, 12th Dist. Warren No. CA2010-11-116, 2011-Ohio-4909. The term "necessaries" as used in the statute means food, medicines, clothing, shelter, or personal services as are usually considered reasonably essential for the preservation and enjoyment of life. *Home Helpers/Direct Link v. St. Pierre*, 12th Dist. Warren No. CA2010-11-116, 2011-Ohio-4909.

**{¶37}** Further, courts have held that one spouse is not liable for the debt of the other spouse unless one spouse is unable to pay the debt and the other spouse is able

to aid in support by paying it himself. *Brown v. Williamson*, 2nd Dist. Montgomery No. 22769, 2009-Ohio-4579. Thus, R.C. 3103.03(A) requires the married person be unable to support herself before the spouse of the married person must assist. *Home Helpers/Direct Link v. St. Pierre*, 12th Dist. Warren No. CA2010-11-116, 2011-Ohio-4909. In this case, appellant presented no evidence that Moresetta Smart was unable to pay a debt that William Smart was able to pay himself. Appellant's fourth assignment of error is overruled.

V.

{¶38} In its fifth assignment of error, appellant argues the trial court erred in finding it was not entitled to attorney fees based upon the lack of an expert witness.

{¶39} The decision of whether to award attorney fees rests in the sound discretion of the court. *Moore v. Moore*, 175 Ohio App.3d 1, 2008-Ohio-255, 884 N.E.2d 1113 (6th Dist.). In this case, while the magistrate stated in the findings of fact that there was no expert testimony concerning the reasonableness or necessity of the fees, the magistrate also found in the findings of fact that Pantelas did testify that appellant had actually incurred the fees as reflected in the invoice. There is no indication in the magistrate's decision that the sole reason appellant's claim for attorney fees was denied was based on the lack of expert testimony.

{¶40} Appellant's claim for attorney fees in the second amended complaint is tied solely to the intentional tort defamation claim as appellant contends it is entitled to attorney fees because appellees' acts of defamation were intentional torts made with reckless disregard of the truth or actual malice. Appellant asserts no other reason as to why they are entitled to attorney fees. Appellant did not prevail on its claim for defamation.

See *Hagemeyer v. Sadowski*, 86 Ohio App.3d 563, 621 N.E.2d 707 (6th Dist. 1993); *Falther v. Toney*, 5th Dist. Fairfield No. 05 CA 32, 2005-Ohio-5954 (stating a prevailing party is generally the party in whose favor the decision or verdict is rendered and judgment entered). In the previous assignments of error, we found the trial court did not commit plain error in entering judgment for appellees on appellant's defamation claim. Accordingly, we find no plain error in the trial court's denial of appellant's request for attorney fees as appellant was not the prevailing party on its defamation claim. Appellant's fifth assignment of error is overruled.

VI.

{¶41} In its sixth assignment of error, appellant contends the magistrate and trial court erred in finding relevant the fact that appellant did not pursue a frivolous conduct motion in the federal court case Moresetta Smart filed against appellant.

{¶42} The issue of whether testimony is relevant or irrelevant, confusing or misleading is best decided by the trial judge who is in a significantly better position to analyze the impact of the evidence on the jury. *State v. Taylor*, 39 Ohio St.3d 162, 529 N.E.2d 1382 (1988). Accordingly, the admission or exclusion of relevant evidence lies within the sound discretion of the trial court. *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 567 N.E.2d 1291 (1991); *Vogelmeier v. Ohio Power Co.*, 5th Dist. Knox No. 14CA14, 2014-Ohio-5175.

{¶43} Upon review, we find the trial court's determination that this evidence is relevant does not present exceptional circumstances that rise to the level of plain error. Appellant's sixth assignment of error is overruled.

VII.

**{¶44}** In its seventh assignment of error, appellant argues the magistrate's decision incorrectly found appellant waived the causes of action. Further, that the decision was against the manifest weight of the evidence.

**{¶45}** Appellant does not state which causes of action were purportedly found to be waived by the magistrate. While the magistrate found no defamation based upon the complaints to the State Medical Board of Ohio and Ohio Board of Nursing because the false statements were not made about appellant but were made about other individuals who were not parties to this lawsuit and thus the first prong of a defamation claim that the "false statement of fact was made about the plaintiff" was not met, it does not appear the magistrate found these causes of action to be waived.

**{¶46}** We find the magistrate and trial court did not commit plain error in finding the elements of defamation were not met by Moresetta Smart's complaints to the State Medical Board of Ohio and Ohio Board of Nursing. Since the statements made to the State Medical Board of Ohio and Ohio Board of Nursing were not made about appellant, there was no "false statement of fact made about the plaintiff" or injury suffered by the plaintiff as a proximate result of the publication. *Jamison v. Galena*, 5th Dist. Delaware No. 15 CAE 01 007, 2015-Ohio-2845. Appellant's seventh assignment of error is overruled.

VIII.

**{¶47}** In its final assignment of error, appellant contends the magistrate erred in finding the causes of action for intentional tort claims and economic loss are separate from defamation claims. We find the magistrate and the trial court did not commit plain

error in this determination.  In its second amended complaint, the only tort, intentional or otherwise, that appellant asserts is defamation.  While appellant does list as a "claim" in its complaint that appellees violated R.C. 2307.011(A), (D), and (J), this section contains only definitions of the terms "conduct," "tort action," and "intentional tort claim" and does not contain an independent cause of action.  Appellant's eighth assignment of error is overruled.

{¶48}  Upon review, we find this case does not present exceptional circumstances that rise to the level of plain error.  We find no error that seriously affects the basic fairness, integrity, or public reputation of the judicial process or that challenges the legitimacy of the underlying judicial process itself.

{¶49}  Finally, appellant filed an additional assignment of error in its reply brief. This assignment of error need not be considered by this Court, as it was improperly raised by way of reply brief.  *Bank One, Nat'l Assn. v. Moton*, 5th Dist. Richland No. 04CA8, 2004-Ohio-6280.   App.R. 16(A)(7) provides that assignments of error shall be argued in the brief of appellant.  App.R. 16(C) states that a reply brief is to "reply to the brief of the appellee." New assignments of error cannot be raised in a reply brief.  *Bowker v. Bowker*, 5th Dist. Delaware No. 10 CAF 1100 85, 2011-Ohio-4524; *Harris v. Harris*, 5th Dist. Stark No. 2014CA00107, 2015-Ohio-1000.

{¶50} Based on the foregoing, appellant's assignments of error are overruled and the judgment entries of the Stark County Court of Common Pleas are affirmed.

By Gwin, J.,

Delaney, P.J., and

Wise, Earle, J. concur