FULTON COUNTY HEALTH CENTER, Appellant,

v.

UNDERWOOD, Appellee.

[Cite as *Fulton Cty. Health Ctr. v. Underwood* (1995), 100 Ohio App.3d 451.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–94–9.

Decided Jan. 20, 1995.

*Jan H. Stamm,* for appellant.

*Per Curiam.*

This is an appeal from a judgment of the Bryan Municipal Court. Plaintiff-appellant, the Fulton County Health Center, appeals the trial court's judgment in favor of defendant-appellee, Joey Underwood, and sets forth the following assignments of error:

"I. Whether the Bryan Municipal Court committed error in its determination that R.C. Section 3103.03 required the total inability of a wife to support herself before a husband can be held liable for necessaries."

"II. Whether the Bryan Municipal Court committed reversible error by holding that no implied contract for medical services provided to Kimberly Underwood existed between defendant/appellee Joey Underwood and the Fulton County Medical Center."

This is an action on an account in the amount of $907.83 and consists of medical expenses incurred by Kimberly Underwood when she was admitted to the Fulton County Health Center for the treatment of depression in the fall of 1991. It is undisputed that Kimberly was married to appellee at the time the medical expenses were incurred (the parties were divorced in 1992), that appellee's medical insurance paid the bulk ($5,342.72) of the total amount (approximately $6,500), and that Kimberly Underwood has paid only $235 on the uncovered amount over a three-and-one-half-year period. However, the record reveals that all of the six payments made by Kimberly were submitted between February 1993 and February 1994.

In December 1993, appellant filed this action to obtain the amount due and owing from appellee, Kimberly's former spouse. After a hearing, the municipal court determined, in applying R.C. 3103.03(A), that Kimberly Underwood was able to pay the remaining medical expenses owed to appellant. The lower court also held that there was no implied agreement between appellee and appellant for the payment of medical services provided to Kimberly Underwood. The court found in favor of appellee and dismissed appellant's case.

Appellant's assignments of error shall be considered together.

█ Assuming, for the sake of argument, the trial court did err in finding that an implied contract for medical services could not exist between appellant and appellee, see *Cuyahoga Cty. Hosp. v. Price* (1989), 64 Ohio App.3d 410, 581 N.E.2d 1125, we affirm its judgment because, based upon the evidence before it, that court properly determined the dispositive issue in this case. Thus, error, if any, in finding that no implied contract existed was harmless error. Civ.R. 61.

Appellant urges that a prior version of R.C. 3103.03, as effective in 1990, is applicable to this cause. However, amendments to the relevant provisions of R.C. 3103.03 were effective on April 11, 1991, several months before Karen Underwood was admitted to the Fulton County Health Center. Therefore, the amended provisions of the statute are applicable to this case.

R.C. 3103.03, as effective on April 11, 1991, provides, in material part:

"(A) Each married person must support himself or herself and his or her spouse out of his or her property or by his or her labor. If a married person is *unable* to do so, the spouse of the married person must assist in the support so far as the spouse is able.

" * * *

"(C) If a married person neglects to support his or her spouse in accordance with this section, any other person, in good faith may supply the spouse with necessaries for the support of the spouse and recover the reasonable value of the necessaries supplied from the married person who neglected to support the spouse unless the spouse abandons that person without cause." (Emphasis added.)

Under this statutory section, each spouse has a duty to support the other spouse. Similarly, case law prior to the enactment of this version of the statute held that the duty of support is a mutual and equal obligation. *Ohio State Univ. Hosp. v. Kinkaid* (1990), 48 Ohio St.3d 78, 549 N.E.2d 517.

The key question in this case is whether Kathy Underwood is unable to support herself so that appellee must assist in her support. Appellant asserts, in essence, that the trial court's judgment on this issue is against the manifest weight of the evidence.

Judgments supported by some competent, credible evidence going to each essential element of a case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

In this instance, competent, credible evidence was offered to demonstrate that Kathy Underwood was able to pay the monies owed to appellant. In fact, the evidence showed that she had been making relatively steady payments on her medical bill in 1993. Therefore, the trial court's judgment was not against the manifest weight of the evidence.

Appellant's first and second assignments of error are found not well taken.

The judgment of the Bryan Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

ABOOD, P.J., GLASSER and MELVIN L. RESNICK, JJ., concur.