DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant brings this accelerated appeal from a judgment issued by the Fulton County Court, Western District, in a suit on a debt for medical expenses.
 {¶ 2} In 2003 and 2004, Dorothy Jones received treatment at medical facilities operated by appellee, Fulton County Health Center. During the same period, her *Page 2 
husband, appellant Alvin L. Jones, was also treated there. Dorothy Jones died in 2005, at a Toledo (Lucas County) hospital.
 {¶ 3} On March 16, 2006, appellee sued appellant[1] to collect the amount of $4,481.15: $1,068.75 for services rendered to appellant and $3,412.40 for Dorothy Jones' medical expenses.
 {¶ 4} On July 28, 2006, appellee moved for summary judgment, asserting that it was entitled to judgment for medical services provided personally to appellant and for medical expenses for care provided to his deceased spouse, pursuant to R.C. 3103.03. Appellant responded, admitting that he owed appellee $1,068.75 for services rendered to him, but disputing responsibility for services rendered to his wife.
 {¶ 5} The trial court granted summary judgment in favor of appellee for medical services incurred by appellant personally and concluded that appellant was responsible for his late wife's medical expenses, subject to appellant's "ability to pay."
 {¶ 6} On May 18, 2007, following a hearing, the trial court found that appellant had the ability to pay, and granted judgment to appellee for $4,481.15.
 {¶ 7} On appeal, appellant does not dispute his ability to pay; rather, he challenges his liability for medical services provided to his wife. In three assignments of error, appellant asserts that the trial court "abused its discretion" in granting summary judgment and in "construing a denial to be an admission." Appellant also maintains it *Page 3 
was an improper application of spousal responsibility to tax him for his wife's expenses when it was not shown that they were reasonable and medically necessary and/or for her last illness.
 {¶ 8} Appellant claims that the trial court improperly granted appellee's motion for summary judgment. On review, appellate courts employ the same standard for summary judgment as trial courts.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 9} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 10} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984),11 Ohio St.3d 75, 79. A "material" fact is one which would affect *Page 4 
the outcome of the suit under the applicable substantive law.Russell v. Interim Personnel, Inc. (1999), 135 Ohio App.3d 301, 304;Needham v. Provident Bank (1996), 110 Ohio App.3d 817, 826, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248.
 {¶ 11} Appellant argues that appellee failed to set forth facts proving appellant contracted to pay for his deceased wife's medical expenses. Appellee does not seek to recover on a contract claim; rather, appellee claims that appellant is liable for his spouse's medical expenses under the R.C. 3103.03. Appellant's argument, therefore, is misguided.
 {¶ 12} Appellant also seems mistakenly to believe that the trial court found he contracted to pay for his wife's medical expenses, despite his express denial that a contract existed. Rather, the trial court found that appellant failed to dispute the correctness of the accounts presented by appellee as evidence. Accordingly appellant's first and second assignments of error are not well-taken.
 {¶ 13} In his remaining argument, appellant insists he is not liable for his deceased wife's medical expenses under R.C 3103.03.
 {¶ 14} R.C. 3103.03, in pertinent part, provides:
 {¶ 15} "(A) Each married person must support the person's self and spouse out of the person's property or by the person's labor. If a married spouse is unable to do so, the spouse of the married person must assist in the support so far as the spouse is able.
 {¶ 16} "* * * *Page 5 
 {¶ 17} "(C) If a married person neglects to support the person's spouse in accordance with this section, any other person, in good faith, may supply the spouse with necessaries for the support of the spouse and recover the reasonable value of the necessaries supplied from the married person who neglected to support the spouse unless the spouse abandons that person without cause. * * *"
 {¶ 18} R.C. 3103.03 is clear and must be enforced as written. OhioState Univ. Hosp. v. Kincaid (1990), 48 Ohio St.3d 78, 80. Each spouse has the statutory duty to support the other spouse and that duty is a "mutual and equal obligation." Fulton Cty. Health Ctr. v. Underwood
(1995), 100 Ohio App.3d 451, 453, citing Kincaid. Medical expenses are "necessaries and, as such, are included in any definition of `support.'"Kincaid at 80. No contract is required for the trial court's determination of spousal liability under R.C. 3103.03.Underwood at 425.
 {¶ 19} Here, appellee has submitted a copy of appellant's wife's account as sufficient evidence that appellant's deceased wife incurred medical expenses in the amount of $3,412.40. Appellant is liable for such necessaries in support of his spouse under the express language of R.C. 3103.03(C).
 {¶ 20} Nevertheless, appellant contends that appellee failed to prove the accuracy of his wife's medical bills and failed to prove that his wife's estate was unable to pay the balance. Appellant submitted no evidentiary material on these issues with his memorandum in opposition to summary judgment, nor has he directed our attention to any point in the record which would give rise to a genuine issue of material fact. *Page 6 
Appellant rests on mere allegations. This is not sufficient to bar summary judgment. Civ.R. 56(E); Riley v. Montgomery, supra, at 79.
 {¶ 21} Additionally, appellant argues that the medical services provided were not for his wife's "last illness." This assertion is irrelevant as the law maintains no requirement of such proof for recovery. See Fulton, supra, in which we held that a spousal obligation for medical expenses existed when both spouses were alive.
 {¶ 22} Appellant's arguments in support of his remaining assignment of error lack merit. Accordingly appellant's third assignment of error is not well-taken.
 {¶ 23} On consideration whereof, the judgment of the Fulton County Court, Western District, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 7 
Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., Concur.
[1] Appellee later attempted to join Dorothy Jones' estate as a defendant. Service was never completed, and it is not clear if an estate was opened. *Page 1