[Cite as *Metrohealth Ctr. for Skilled Nursing Care v. Parnell*, 2012-Ohio-4725.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98211

## METROHEALTH CENTER FOR SKILLED NURSING CARE

PLAINTIFF-APPELLEE

vs.

## EVANGELINE PARNELL

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-709737

**BEFORE:** Jones, J., Celebrezze, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** October 11, 2012

**ATTORNEY FOR APPELLANT**

David L. Rowthorn
526 Superior Avenue, East
Suite 522
Cleveland, Ohio 44114

**ATTORNEY FOR APPELLEE**

Matthew G. Burg
Weltman, Weinberg & Reis Co., LPA
323 West Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Appellant, Evangeline Parnell ("Parnell"), appeals the trial court's granting of summary judgment in favor of appellee, Metrohealth Center for Skilled Nursing Care ("Metrohealth"), and assigns the following two errors for our review:

I.  The trial court erred in granting a motion for summary judgment as the defendant-appellant disputed all of the key valuations of the defendant's assets, disputed her ability to pay her spouse's debt, and was entitled to have those factual disputes decided by a jury.

II.  Summary judgment is not appropriate when the facts are genuinely disputed.

## Facts

{¶2} From March 14, 2008, until his death on June 13, 2008, Parnell's husband was a resident at a nursing home run by Metrohealth.  During his stay, he accrued a debt of $11,755.66 for nursing services provided by Metrohealth. Metrohealth filed a complaint to recover the amount from Parnell, pursuant to R.C. 3103.03.

{¶3} Metrohealth filed a motion for summary judgment contending that Parnell failed to demonstrate that she did not have the means to pay the bill for her husband's nursing home care.  Metrohealth provided evidence that Parnell owned two parcels of property.  One is the home where Parnell lives   on Lockwood Avenue in East Cleveland, Ohio, which the county auditor valued at $52,200.   The home was titled in both Parnell's and her husband's name.

{¶4} The other home is located on East 97th Street in Cleveland, Ohio, which the auditor valued at $64,700.  According to Metrohealth, shortly after the suit was filed,

Parnell transferred the property to her daughter. In its motion for summary judgment, Metrohealth indicated it was intending to file a separate suit based on its claim that Parnell transferred the property fraudulently to avoid creditors. Metrohealth argued the value of the properties was sufficient for it to place a lien on either property for the debt.

{¶5} Parnell filed a motion in opposition arguing that she did not have the means to pay for the services. In an affidavit attached to her motion, she stated that she was retired and lived on a fixed income of $2,300 per month and that her monthly expenses exhausted that amount. She also stated that upon her husband's death, the household income was significantly reduced as her husband received an additional $2,000 per month, which ceased upon his death.

{¶6} Parnell also provided an affidavit in which she stated that the county appraisal of her home was not accurate because "it was common knowledge that the tax value no longer bears any resemblance to the real fair market value of the property" and that her property would not sell for $10,000. She also stated in her affidavit that the East 97th Street property was her daughter's home and that the value of her daughter's home was less than the balance of the mortgage. Her daughter also attached an affidavit averring the East 97th Street home was hers and that it had always been her obligation to pay the mortgage. She contended the home was now worth less than she owed. Parnell attached an unverified document from Chase Bank, indicating the mortgage balance on the East 97th Street property was $87,495, which is $22,795 more than the county auditor's value of the property.

**{¶7}** The trial court concluded that there were no genuine issues of material fact in dispute and granted summary judgment in Metrohealth's favor in the amount of $11,755.66 plus interest. Metrohealth, thereafter, filed a judgment lien against Parnell.

## Summary Judgment

**{¶8}** We will address Parnell's assigned errors together as they both concern whether the trial court erred by granting summary judgment in favor of Metrohealth. Specifically, Parnell argues there are genuine issues of fact regarding whether she can afford to pay for her late husband's nursing home bill.

**{¶9}** Under Civ.R. 56(C), summary judgment may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. *Tokles & Son, Inc. v. Midwestern Indem. Co.*, 65 Ohio St.3d 621, 629, 605 N.E.2d 936 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 375 N.E.2d 46 (1978). A moving party cannot discharge its burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996-Ohio- 107, 662 N.E.2d 264. Rather, the moving party must point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claims. *Id*.

**{¶10}** An appellate court's review of summary judgment is de novo. *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588, 641 N.E.2d 265 (8th Dist.1994).

Thus, we conduct an independent review of the record and stand in the shoes of the trial court. *Jones v. Shelly Co.*, 106 Ohio App.3d 440, 445, 666 N.E.2d 316 (5th Dist.1995).

**{¶11}** It is undisputed that Parnell's husband received medical services from Metrohealth; that Parnell failed to pay for the services in the amount of $11,755.66; and, that Parnell was married to her husband at the time he received the services until his death. Although Parnell contends she did not sign a contract for her husband's care, no contract is required for the trial court's determination of spousal liability under R.C. 3103.03. *Fulton Cty. Health Ctr. v. Underwood*, 100 Ohio App.3d 451, 452, 654 N.E.2d 354 (6th Dist.1995). Thus, the only issue before us is whether Parnell can afford to pay for the services.

**{¶12}** R.C. 3103.03, in pertinent part, provides:

(A) Each married person must support the person's self and spouse out of the person's property or by the person's labor. If a married spouse is unable to do so, the spouse of the married person must assist in the support so far as the spouse is able.

* * *

(C) If a married person neglects to support the person's spouse in accordance with this section, any other person, in good faith, may supply the spouse with necessaries for the support of the spouse and recover the reasonable value of the necessaries supplied from the married person who neglected to support the spouse unless the spouse abandons that person without cause. * * *

**{¶13}** Medical expenses are "necessaries and, as such, are included in any definition of 'support.'" *Ohio State Univ. Hosp. v. Kinkaid*, 48 Ohio St.3d 78, 80, 549 N.E.2d 517 (1990).

**{¶14}** We conclude the trial court did not err by granting summary judgment in favor of Metrohealth. It is undisputed that Parnell receives a monthly income of $2,300. Parnell contends she exhausts this amount every month for her living expenses. However, in addition to this income, Parnell owns property located on Lockwood Avenue in East Cleveland, which she owns free and clear. The 2010 tax value of the property is $52,000. Although Parnell contends that the property is actually worth less than $10,000, she offered no evidence beyond the self-serving statements contained within her affidavit. Her self-serving statement without supporting data, such as information regarding comparable sales, is insufficient to contest the county's valuation of the property.

**{¶15}** Therefore, even if we disregard the property on East 97th Street that now belongs to Parnell's daughter, the evidence presented showed that the Lockwood Avenue property was of sufficient value to support a lien for the $11,755.66 debt. The trial court did not err by granting summary judgment in Metrohealth's favor. Accordingly, Parnell's two assigned errors are overruled.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover from appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR