[Cite as *Union Hosp. v. Beach*, 2016-Ohio-7058.]

wCOURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
| UNION HOSPITAL | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | | Hon. Wiliam B. Hoffman, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| THOMAS BEACH | : | | Case No. 2016 AP 05 0027 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the New Philadelphia
Municipal Court, Case No. CVF-
1500320

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        September 27, 2016

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

DAVID A. SED        BRAD L. HILLYER
269 West Main Street, P.O. Box 672    Connolly, Hillyer & Ong
Ravenna, Ohio 44266        201 N. Main Street, P.O. Box 272
                       Uhrichsville, Ohio 44683

*Baldwin, J.*

{¶1} Defendant-appellant Thomas Beach appeals from the April 15, 2016 Judgment Entry of the New Philadelphia Municipal Court.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant Thomas Beach and his wife, Linda Beach, each received medical services from appellee Union Hospital in 2013. On May 12, 2013, Linda Beach died.

{¶3} On April 20, 2015, appellee filed a complaint against appellant and Linda Beach. Appellee, in its complaint, alleged that the two owed a total of $12,460.04 to appellee for medical services. Of this amount, $12,103.27 was for services rendered to Linda Beach and $357.13 for services rendered to appellant. Appellee sought judgment in the amount of $12,460.46.

{¶4} Appellant filed an answer to the complaint and a suggestion of death on June 4, 2015. Pursuant to a Judgment Entry filed on October 23, 2015, the trial court granted appellee's Motion to Dismiss Linda Beach as a defendant.

{¶5} Thereafter, on November 23, 2015, appellee filed a Motion for Summary Judgment. Appellee's motion was supported by the affidavit of Rian Pierce, the supervisor of appellee's patient collections department, and an attached summary of appellant and Linda Beach's account. Appellant, on December 2, 2015, filed a combined Motion for Judgment on the Pleadings/Summary Judgment and response to appellee's Motion for Summary Judgment. Appellee, in the same, argued that he was not required to pay for the debts of his deceased wife if he was unable. Appellant argued that he was unable to support himself on his fixed social security disability income and was incapable of paying the debts of his deceased wife. Appellant further argued that appellee had failed to

provide any evidence of the amounts owed and stated that he denied the amounts owed and required formal proof of the alleged debts. Appellant supported his motion with his own affidavit. Appellant, in his affidavit, stated that his sole support was $1,500.00 from social security disability benefits for blindness, that he was retired and that the amounts claimed to be owed in the complaint were not accurate. Appellee, in its December 11, 2015 response, attached an unauthenticated valuation from the Tuscarawas County Auditor's Office indicating that appellant was the sole owner of real property valued at $112,190.

{¶6}    The Magistrate, in a Decision filed on January 6, 2016, recommended that appellee's Motion for Summary Judgment be granted and that appellant's Motion for Judgment on the Pleadings and Motion for Summary Judgment be denied. The Magistrate, in such Decision, found that appellee had demonstrated that appellant was responsible for medical bills incurred as a result of treatment provided by appellee to appellant and his spouse, that appellant had not supported his general denials with any supporting documentation, and that appellant, in the statement of facts in his December 2, 2015 motions, admitted that both he and his deceased spouse had received medical services from appellee that totaled $12,460.40.

{¶7}    Appellant then filed written objections to the Magistrate's Decision on January 15, 2016. Appellant argued that the Magistrate had erred in finding that appellant admitted to owing for the medical expenses of his late wife and in finding that appellee had provided evidence of the amounts owed that were claimed in the complaint. Appellant also argued that he was unable to pay for his deceased wife's final medical expenses and was not required to pay such debts pursuant to R.C. 3103.03.

**{¶8}** Following an objection hearing on March 8, 2016, the trial court, as memorialized in a Judgment Entry filed on April 15, 2016, overruled appellant's objections and approved and adopted the Magistrate's Decision.

**{¶9}** Appellant now raises the following assignment of error on appeal:

**{¶10}** I. THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENIED APPELLANT'S MOTION FOR SUMMARY JUDGMENT.

I

**{¶11}** Appellant, in his sole assignment of error, argues that the trial court erred in granting appellee's Motion for Summary Judgment and denying appellant's Motion for Summary Judgment. We disagree.

**{¶12}** We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against

whom the motion for summary judgment is made, that party

being entitled to have the evidence or stipulation construed

most strongly in the party's favor.

**{¶13}** The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 1996–Ohio–107, 662 N.E.2d 264. The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth specific facts by the means listed in Civ.R. 56(C) showing that a triable issue of fact exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

**{¶14}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1977–Ohio–259, 674 N.E.2d 1164, citing *Dresher v. Burt,* supra.

**{¶15}** Appellee, in the case sub judice, argues that the appellant is liable for the medical debts of his deceased wife pursuant to R.C. 3103.03. R.C. 3103.03 states, in relevant part, as follows:

> (A)    Each married person must support the person's self
>
> and spouse out of the person's <u>property</u> or by the person's
>
> labor. If a married person is unable to do so, the spouse of the
>
> married person must assist in the support so far as the spouse
>
> is able. The biological or adoptive parent of a minor child must

support the parent's minor children out of the parent's property or by the parent's labor….

(C) If a married person neglects to support the person's spouse in accordance with this section, any other person, in good faith, may supply the spouse with necessaries for the support of the spouse and recover the reasonable value of the necessaries supplied from the married person who neglected to support the spouse unless the spouse abandons that person without cause. (Emphasis added)

{¶16} As noted by the court in *Fulton County Health Center v. Jones*, 6th Dist. Fulton No. F-07-013, 2007-Ohio-6523 at paragraph 18:

R.C. 3103.03 is clear and must be enforced as written. *Ohio State Univ. Hosp. v. Kincaid* (1990), 48 Ohio St.3d 78, 80, 549 N.E.2d 517. Each spouse has the statutory duty to support the other spouse and that duty is a "mutual and equal obligation." *Fulton Cty. Health Ctr. v. Underwood* (1995), 100 Ohio App.3d 451, 453, 654 N.E.2d 354, citing *Kincaid.* Medical expenses are "necessaries and, as such, are included in any definition of 'support.' " *Kincaid* at 80, 549 N.E.2d 517. No contract is required for the trial court's determination of spousal liability under R.C. 3103.03. *Underwood* at 425.

{¶17} See also *Orchard Villa v. Suchomma,* 6th Dist. Lucas No. L–12–1213, 2013–Ohio–3186.

{¶18} In *Kinkaid,* supra, the hospital brought an action against the surviving spouse for payment of medical services rendered to her husband before his death. The Ohio Supreme Court held that, pursuant to R.C. 3103.03, the wife was obligated to pay the hospital, provided she was able, because her husband's assets at the time of his death were insufficient to pay the medical expenses.

{¶19} Thus, appellant is obligated to pay the medical expenses at issue in this case provided that he is able to do so. Appellant maintains that he is unable to pay the same because he is retired and is receiving $1,500.00 a month in social security disability benefits as a result of blindness. However, as noted by appellee, R.C. 3103.03(A) also refers to a person's "property." Appellant, in the case sub judice, owns real property valued at over $100,000 free and clear. He acquired his deceased wife's ½ interest in the same upon her death via a joint and survivorship deed. Appellant, at the objection hearing, acknowledged that he owed such real property. As noted by appellee, while appellant argues in his brief that, pursuant to R.C. 2329.66, appellee cannot now place a lien on appellant's real property and would have had to have proceeded against Linda Beach prior to her death in order to do so, appellant has failed to cite to any case law supporting his argument.

{¶20} Appellant also contends that the trial court erred when it granted appellee's Motion for Summary Judgment without verifying the amounts owed by the deceased to appellee. Appellee, in support of its motion, attached an affidavit from Rian Pierce, the supervisor of appellee's patient collections department, along with an attached summary of accounts showing that the amount owed by Linda Beach was $12,103.27. Appellant,

in response, filed an affidavit stating that the "amounts claimed to be owed in the Complaint are not accurate."

**{¶21}** However, as noted by the trial court, appellant "submitted no evidentiary material on these issues [the accuracy of the bills] with his memorandum in opposition to summary judgment, nor has he directed our attention to any point in the record which would give rise to a genuine issue of material fact. Appellant rests on mere allegations."

**{¶22}** Appellant, in his brief, finally argues that he is being treated differently because he was married to the deceased when her debts occurred. Appellant argues that he is being discriminated against under the Fourteenth Amendment.

**{¶23}** However, appellant did not raise such issue in the trial court. It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal; such issues are deemed waived. *Schottenstein v. Schottenstein,* Franklin App. No. 02AP–842, 2003–Ohio–5032*, ¶* 8, citing *State v. Burge*, 88 Ohio App.3d 91, 93, 623 N.E.2d 146 (10th Dist. 1993).

**{¶24}** Based on the foregoing, we find that the trial court did not err in granting appellee's Motion for Summary Judgment while denying that filed by appellant.

**{¶25}** Appellant's sole assignment of error is overruled.

{¶26} Accordingly, the judgment of the New Philadelphia Municipal Court is affirmed.

By: Baldwin, J.

Gwin, J. and

Hoffman, J. concur.